PER CURIAM.
The Appellants urge two grounds for reversal.
1) The trial court erred in refusing to admit evidence of prior accidents which had occurred at the same railroad crossing within three years.
2) The trial court erred in directing a verdict in favor of the defendant and against the plaintiffs at the close of the plaintiffs’ case.
As to the first ground, the Supreme Court of Florida in Chambers v. Loftin, Fla.1953, 67 So.2d 220, 222 stated:
It is well settled that evidence of prior or subsequent similar accidents at or near the same place are admissable if they are not too remote in time, for the purpose of showing the dangerous character of the place and the defendants’ knowledge thereof. (Citations omitted) (Emphasis supplied)
In the trial court the appellants proffered evidence of three collisions at the same railroad crossing within the two years immediately preceding the collision which gave rise to the case sub judice. In such proffer, the appellant either failed to elicit sufficient testimony to show that the facts of the prior collisions were similar or, on the other hand, the testimony elicited showed such prior collisions were in fact dissimilar to circumstances of the case being tried in the lower court. The learned trial judge properly refused to admit the proffered testimony. Collision frequency alone is not necessarily indicative of the continuing existence of the same negligent condition nor does such frequency necessarily imply any negligence on the part of the railway company. The key is whether the purported negligence arises from the same or substantially similar conditions existing at the time of the prior collisions.[1] Then, and only then, will the rule in Chambers, supra, charge the railway company with scienter.
In respect to the second ground urged as error, viz., the trial court’s entry of a directed verdict, the theory of the appellants’ case in the lower court was that *386 there were obstructions to the decedent s view of the on-coming train. The record reveals a lot of testimony about weeds growing along the railroad railway but there was absolutely no testimony that such weeds obstructed the view of the decedent. The testimony and evidence (photographs taken the day after the collision) is all to the contrary. The driver of the car following the car of the decedent stated, “From that vantage point” (the place the decedent stopped immediately before crossing the track) “it” (the approaching train) “would be obvious and visible, and I have never said that it wasn’t”.
At the trial some testimony was adduced to the effect that the railroad crossbuck support post and county road stop sign “could have” obstructed the decedent’s view had the decedent’s vehicle been in a position different than the testimony reflected. Such speculation is insufficient to serve as a basis for setting aside the directed verdict. In another railroad grade crossing collision case in which a directed verdict was reviewed, it was stated:
We deem it appropriate to observe that the mere fact that it is possible by mental gymnastics to draw some inference of negligence does not warrant submitting an issue of negligence to a jury. Such would too often pay homage to pure speculation. The constant key to the problem is whether a reasonable inference is available. Judges are not called on to dethrone reason in order to find an excuse for submitting a case to the jury. O’Keefe v. Butler, Fla.App.1961, 126 So.2d 764
It should also be noted that there was no evidence of the improper or unlawful operation of the train. On the other hand, there was evidence that the decedent was negligent in the operation of his vehicle when he pulled on the railroad tracks after having stopped at the stop sign but without looking right or left and then stopping in the middle of the tracks on a crossing he had traversed daily for five years.
There was no basis for the plaintiffs to recover and the trial court was justified in taking the case from the jury. The appellant having failed to demonstrate reversible error, the judgment of the lower court is affirmed.
McNulty, a. c. j., boardman, j., and McGREGOR, ROBERT B., Associate Judge, concur.

. See Seaboard Coast Line Railroad Company v. Friddle, Fla.App. 4th, 290 So.2d 85.