435 So.2d 368 (1983)
AMERICAN HONDA MOTOR COMPANY, INC., and Honda Motor CO., Ltd., Petitioners,
v.
Jerry VOTOUR, Etc., and Janet Votour, Respondents.
Nos. 83-524, 83-593, 83-786 and 83-951.
District Court of Appeal of Florida, Fourth District.
July 27, 1983.
*369 Ronald M. Owen of Parker, Johnson, Owen & McGuire, Orlando, for petitioners.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for respondents.
HERSEY, Judge.
We have consolidated these cases involving four petitions for writs of certiorari directed to four pre-trial orders relating to discovery. The underlying action is for personal injuries arising out of the crash of a Honda motorcycle and is based upon various products liability theories. The discovery phase has been long, drawn out and torturous, as witnessed by these extensive appellate proceedings. We have uppermost in our minds that the trial court is in a far better position than we to evaluate plaintiff-respondents need for particular records or responses and defendant-petitioners defenses to attempts to discover particular items from designated sources. We are also mindful of the limitations we ourselves have acknowledged encumber the remedy of certiorari in this context. See, e.g., U.S. Fidelity & Guaranty Co. v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981), pet. for review dismissed 419 So.2d 1201 (Fla. 1982). Our review is confined within the parameters of those recognized boundaries.
Petitioner objects to the requirement that it produce records belonging to Honda R & D, an entirely separate and distinct corporation, although it is a wholly owned subsidiary. In the absence of Florida precedent we adhere to the view expressed in several federal cases that it is not unreasonable to require the parent corporation, engaged in litigation, to produce records of its wholly owned subsidiary. The cases involve application of Rule 34(a) of the Federal Rules of Civil Procedure, analogous to Rule 1.350(a), Florida Rules of Civil Procedure. Pennwalt Corp. v. Plough, Inc., 85 F.D.R. 257 (Del. 1979); George Hantscho Co. v. Miehle-Goss-Dexter, Inc., 33 F.D.R. 332 (S.D.N.Y. 1963); Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).
The trial court permitted discovery not only of evidence of crashworthiness relative to lower leg protection but also "regarding proposed rule-making for the purpose of improving rider safety on motorcycles involved in crashes since 1969." While this inquiry is somewhat broad in scope it cannot be said that the information sought may not be considered reasonably calculated to lead to the discovery of admissible evidence. We find that the discovery ordered by the lower court in this regard is *370 reasonable and does not constitute an abuse of discretion.
The objections to the next two orders can be dealt with briefly. The imposition of sanctions by order of March 18, 1983, under the particular circumstances involved did not constitute an abuse of discretion. The order of March 29, 1983, which denies discovery, does not present an appropriate issue for certiorari review as such an order can be adequately remedied on plenary appeal. U.S. Fidelity & Guaranty Co. v. Graham, supra.
Finally, we consider the order of April 4, 1983. In the abstract it would appear to permit overbroad excursions into petitioner's records involving unnecessary time and expense. We are nonetheless constrained to accede to the judgment of the trial court in this regard, having particular reference to that occasion when a film produced pursuant to court order revealed far more than previous representations had indicated it would.
Finding no basis for further intervention by this court into the discovery process we deny each of the petitions for writ of certiorari.
CERTIORARI DENIED.
LETTS and WALDEN, JJ., concur.