471 So.2d 88 (1985)
Frederick J. SAUNDERS, Appellant,
v.
FLORIDA KEYS ELECTRIC CO-OP ASSOCIATION, INC., and Nationwide Mutual Insurance Company, Appellees.
No. 84-906.
District Court of Appeal of Florida, Third District.
May 21, 1985.
Rehearing Denied July 8, 1985.
Albert A. Gordon; Greene & Cooper and Joan M. Bolotin and Marc Cooper, Miami, for appellant.
Arthur J. Morburger; Weinstein, Bavly & Moon, Miami, for appellees.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Plaintiff/appellant Frederick J. Saunders appeals from a jury verdict in favor of the defendants, Florida Keys Electric Co-Op Association, Inc. ("Keys Electric") and Nationwide Mutual Insurance Company, in a personal injury suit.
Mr. Saunders was injured in July, 1981 when the aluminum mast of the trailered sailboat in which he was sitting contacted an overhead power line at Gilbert's Marina in Key Largo. Mr. Saunders sued the appellees *89 for damages. The accident occurred in the marina parking lot. There had been three previous accidents at Gilbert's Marina in which masts of trailered sailboats had struck overhead power lines. In the course of deposing an employee of Keys Electric, Mr. Saunders learned that Keys Electric knew of a number of other accidents in which sailboat masts had contacted overhead power lines in nearby marinas. Plaintiff sought discovery regarding these other accidents, but the trial court denied discovery on the ground that it was irrelevant. At trial, the court refused to permit the plaintiff to introduce evidence that Keys Electric knew of these other accidents on the ground that Mr. Saunders was unable to show that these other accidents were substantially similar to the accident in the instant case.
The issue in this appeal is whether the trial court erred in denying the plaintiff's motion to compel discovery about prior accidents involving contacts between sailboat masts and overhead power lines in local marinas. Mr. Saunders asserts that discovery of other accidents should have been compelled by the trial court as evidence of repeated accidents was relevant to show that Keys Electric had notice of the dangerous propensities of low overhead power lines in areas where it had good reason to expect that people would trailer their sailboats with raised masts. We agree and reverse the decision of the trial court.
The discovery of evidence regarding similar accidents is relevant to the issue of whether Keys Electric was aware of the alleged dangerous propensities of having low overhead power lines in the marina. See Lawrence v. Florida East Coast Railway Co., 346 So.2d 1012 (Fla. 1977); Lasar Manufacturing Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983).
Our opinion in this case is consistent with our decision in Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d at 585, wherein we held that the denial of requested discovery was error. In Suntogs, plaintiff sued Burroughs for problems it had experienced with a computer system it had purchased from Burroughs. The trial court denied discovery as to problems another buyer had with a similar computer system, but we found such information was discoverable.
In another case, Lazarus Homes Corp. v. Gustman, 340 So.2d 513 (Fla. 3d DCA 1976), we held that discovery regarding other pools built by the defendant was proper where the plaintiffs alleged in their complaint that their pool had been improperly built. We stated, "[t]he right of discovery by use of interrogatories is to be liberally construed to the end that any matter not privileged and which is relevant to the subject matter involved in the pending action must be disclosed." Id. at 514.
Evidence of similar incidents at locations other than the place where the incident in question occurred is relevant for discovery and admissible at trial for the purpose of showing the existence of a danger or defect and notice or knowledge thereof. Lawrence v. Florida East Coast Railway Co., 346 So.2d at 1015. Therefore, the trial court erred in denying discovery of similar incidents in the case at bar. The error is reversible since it prevented the jury from considering whether Keys Electric's knowledge of similar accidents was sufficient notice of an ongoing condition to require it to guard against such harm.
We note that the discovery error was further compounded by the trial court's exclusion of evidence of other accidents at trial on the ground that Mr. Saunders had not shown substantial similarity of circumstances where his inability to do so was, or may have been due to the court's denial of discovery.
It is possible that the information Mr. Saunders obtains upon discovery may not be sufficiently similar to warrant its admission, but we will not know that until he is permitted such discovery.
The central notion of discovery practice set out in the rules is that the right to *90 take statements and the right to use them in court must be kept entirely distinct. By this method discovery at the pretrial stage is not fettered with the rules of admissibility that apply at a trial, and the utmost freedom is here allowed, but restrictions are imposed on the use of the products of discovery that preserve traditional methods of trial.
Jones v. Seaboard Coast Line Railroad Co., 297 So.2d 861, 863 (Fla. 2d DCA 1974) (quoting 8 C. Wright and A. Miller, Federal Practice and Procedure § 2001, at 16 (1970) (emphasis supplied by the court).
For the reasons stated, and upon the authorities cited, the judgment appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.