483 So.2d 130 (1986)
TOYOTA MOTOR CORPORATION, Petitioner,
v.
Cherri J. GREENE, Respondent.
No. BJ-86.
District Court of Appeal of Florida, First District.
February 14, 1986.
Patrick J. Farrell, Jr., of Fuller & Johnson, Tallahassee, for petitioner.
Michael C. Overstreet, Panama City, for respondent.
THOMPSON, Judge.
In its petition for writ of certiorari Toyota Motor Corporation (Toyota) seeks review of an order granting plaintiff's motion to compel Toyota to answer an interrogatory requesting information about defects in Toyota's cruise control systems. We hold that the trial court departed from the essential requirements of law in ruling that Toyota had to answer the interrogatory in question in the manner directed in the order.
The plaintiff was injured in an automobile accident when a Toyota Cressida in which she was riding as a passenger ran off the road and overturned. At the time of the accident the car was being driven on a wet road with the cruise control "on". Plaintiff filed suit against the driver and owner of the car and against Toyota. The complaint alleged that Toyota knew or should have known that operating the vehicle using cruise control on a wet or slippery road could cause loss of control of the vehicle and that Toyota knew or should have known that the general public and ordinary automobile operators are not aware of the dangerous characteristics of using cruise control when operating on a *131 wet or slippery road surface. It was further alleged that despite such knowledge Toyota negligently failed to warn or failed to adequately warn all foreseeable users of the dangerous characteristics of the cruise control system when driving on wet or slippery road surfaces thereby rendering said vehicle and cruise control system defective and unreasonably dangerous. The plaintiff entered into a settlement with all other defendants and the case continued against Toyota as the sole defendant.
The plaintiff propounded interrogatories to Toyota which included the following:
2(a) State each and every danger, risk, deficiency, failure, defect, weakness, safety factor and/or hazard associated with the use of a cruise control system or speed control device known by you or reported to you or made known to you. You are to include potential dangers, as well as proven dangers.
Toyota objected to this interrogatory for numerous reasons, stating that its terms assumed a defect, that it was vague and overbroad, and that it sought information concerning the manufacture and design of the cruise control system despite the fact that the allegations of the complaint were directed only to the failure to warn or failure to adequately warn the operator about the system's use when driving on wet or slippery roads. Without waiving its objections to the interrogatories Toyota provided a partial answer to the interrogatory. While the partial answer was inadequate, we agree that the interrogatory was overbroad and sought information concerning matters not relevant to the issues raised by the pleadings. In his order compelling discovery, however, the trial judge did not sufficiently limit the information Toyota was required to produce. The order required that Toyota respond by providing any information concerning defects in the manufacture, installation, operation, or maintenance of the cruise control system for the last 10 years. Defect was defined as any complaint of subnormal performance of the cruise control system.
The only allegation of negligence on the part of Toyota was that it negligently failed to warn or adequately warn users of the dangerous characteristics of the cruise control system during operation of the vehicle on wet or slippery road surfaces. The plaintiff did not allege any defects in the manufacture, installation, or maintenance of the cruise control system. On the contrary, in her answers to interrogatories propounded by Toyota the plaintiff admitted her expert had removed the cruise control system from the vehicle in which the plaintiff was riding at the time of the accident and that all components appeared to operate properly when tested.
The plaintiff is entitled to know of any report or complaint received by Toyota regarding the use of its cruise control system while operating a vehicle on wet or slippery road surfaces. In a response to a prior interrogatory Toyota announced that it had received no reports or complaints of any potential danger in the use of its cruise control system on slippery roads prior to August 1978. Toyota therefore should be required to produce any reports or complaints it received after August 1, 1978 of any danger or potential danger when using its cruise control system on slippery roads. Although it is conceded by the plaintiff that the owner's manual supplied with the car involved in this accident contained the following warning relating to the use of the cruise control system: "Do not use the cruise control system when driving in heavy or varying traffic, or on slippery (rainy, icy or snow-covered) or winding roads," (E.S.) the number and nature of the reports or complaints regarding the use of the cruise control system when operating on wet or slippery road surfaces could be relevant to show that the warning contained in the owner's manual was inadequate.
Interrogatories cannot be used as a fishing expedition undertaken in hope that some cause of action might be discovered. Discovery should be used by both the plaintiff and the defendant to seek information that is reasonably calculated to lead to the *132 discovery of evidence admissible in the proceedings before the court. Walker v. Walker, 439 So.2d 963 (Fla. 1st DCA 1983).
The petition for writ of certiorari is granted, the order compelling discovery as to interrogatory 2(a) is quashed and the cause is remanded to the trial court for proceedings consistent with this opinion.
ZEHMER and BARFIELD, JJ., concur.