556 So.2d 1245 (1990)
WOOTEN, HONEYWELL & KEST, P.A., Petitioner,
v.
Lawrence K. POSNER, Respondent.
No. 89-2589.
District Court of Appeal of Florida, Fifth District.
February 22, 1990.
D. Paul McCaskill, John F. Tannian, and David B. King of King & Blackwell, P.A., Orlando, for petitioner.
No Appearance, for respondent.
DAUKSCH, Judge.
This is before us on a petition for writ of certiorari to review an order compelling discovery. We issue a writ of certiorari and quash the order compelling discovery, as relates to all interrogatories but interrogatory 8. That one only asks for the identity of persons obtained by the direct independent efforts of the law firm, so the specific objection to that interrogatory is not well taken.
This case involves a lawsuit between attorneys over a fee-split for the referring attorney in a personal injury case. Respondent, as referring attorney, claims he is due more money from a settlement of a personal injury action. Petitioner and the client say he is not due what he demands. Respondent sued petitioner and in the course of the lawsuit posed the following questions by interrogatories:
2. State the following as to all attorneys or law firms who have associated your firm in a personal injury case since 1981 that resulted in the recovery of a total attorney's fee in excess of $200,000:
a. The name, address, telephone number and date of association of the attorney or law firm.
b. The total amount of the recovered attorney's fee.
c. The division of fees between your firm and the associating attorney or law firm.
d. The total amount of hours spent in the case by your firm and the associating attorney or law firm.

*1246 e. Whether the case was settled or tried, and if settled, whether settled before or after trial began.
f. Whether the agreements between your firm and the associating attorney or law firm were the same form agreement(s) as were used with Plaintiff in the Susan Chafin case.
* * * * * *
8. State the name, address and telephone number of any medical or health provider, whether treating or expert, involved in the Chafin case as a direct result of your firm's independent efforts, indicating as to such person his/her status as either expert witness or provider of treatment, and the exact nature of the service rendered.
9. State as to the determination that a 40% fee division with Plaintiff in the Chafin case constituted an excessive fee the following:
* * * * * *
d. Any prior cases in which you determined that a division of an attorney's fee of 40% to an associating attorney or law firm was excessive, whether involving Plaintiff or another attorney or law firm, stating as to each case the name of the case and the name and address of the associating attorney or law firm.
Petitioner responded to each of the above questions by objecting and saying:
Objection, this interrogatory, as framed, is overly broad, burdensome, oppressive, and not calculated to lead to discoverable evidence. Additionally, a response to this interrogatory would tend to violate the attorney-client privilege and ethical obligations of confidentiality as to clients' matters.
The lawsuit filed by respondent is in two counts. The first alleges breach of contract and alleges a customary course of dealings between the parties and then alleges a specific written contract. The specific written contract says respondent and petitioner would divide the fees "in proportion to the legal services to be performed and the responsibility assumed by each." The second count alleges what respondent calls a "Special Partnership/Joint Venture." The pleading is vague and inadequate to set out a separate legally recognizable cause of action but essentially alleges entitlement to share the fees in accordance with the previously mentioned written agreement, to-wit: in proportion to services rendered.
The interrogatories seek irrelevant information.[1] The suit involves a single contract between the parties and any past relationship between petitioner and other lawyers and other clients has no bearing on this case. Even the past cases between these parties are unconnected with the case in dispute here.
We agree with petitioner that the requirement to search all of its files for the past eight years is unduly burdensome if not virtually impossible. There is great potential, in fact certainty, that many client privacy matters will be invaded and the attorney-client privilege breached. Many settlements are made on condition of nondisclosure and many accident victims prefer their recovery amount to be as secret as possible.
This is not a case like Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987) where our supreme court held that district courts should not review by certiorari orders denying the dismissal of a complaint, or a count within a complaint. This is a case about which Savage speaks when that court said:
Orders granting discovery, on the other hand, have traditionally been reviewed by certiorari... . The rationale of these cases is that appeal after final judgment is unlikely to be an adequate remedy because once discovery is wrongfully granted, the complaining party is beyond relief. [citations omitted].
Savage, 509 So.2d at 1099. The court then tagged "cat out of the bag" material as being that which is not proper evidence in the lawsuit and potentially injurious to the *1247 deponent, and especially mentioned the protection of a legal privilege.
The questions are asking for answers which are immaterial to the contract action here. They are unduly and improperly burdensome. They seek privileged information. The answers, if given, would be irrelevant and could not lead to any relevant admissible evidence.
CERTIORARI GRANTED; QUASHED.
COBB, J., concurs.
W. SHARP, J., dissents without opinion.
NOTES
[1] See an informative recent article, Pearson, Ungarbling Relevancy, Fla. B.J. Vol. LXIV, No. 2, February, 1990.