639 So.2d 1129 (1994)
CATERPILLAR INDUSTRIAL, INC., Petitioner,
v.
Phillip KESKES, Respondent.
No. 94-317.
District Court of Appeal of Florida, Fifth District.
July 29, 1994.
Sharon L. Stedman, P.A., Orlando, and Gordon James, III, Fort Lauderdale, for petitioner.
William S. Williams of Lytal & Reiter, P.A., and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for respondent.
DAUKSCH, Judge.
Defendant Caterpillar petitions for a writ of certiorari, asking us to quash the trial court's discovery order. We grant the writ of certiorari because the order of discovery is overbroad and burdensome and should be limited in time and scope.[1]
This suit involves a 1988 accident. The plaintiff, who had had no training, was operating a 3,500-pound "T35D" forklift which tipped over sideways while he was operating it. The forklift had no seatbelt or guard bars. Plaintiff claims it should have had such protection. Plaintiff wants a copy of all incident reports of tipovers from 1978 to the present. Caterpillar has 89 different models of forklifts, some of which are quite different in design (differences in wheel bases, capacities, centers of gravity, types of tires, and weights). Defendant Caterpillar maintains that the discovery order is unduly burdensome, overly broad, without reasonable time limitations, and not reasonably calculated to lead to admissible evidence. Originally, the trial court limited discovery to the T35D model which was the model involved in the plaintiff's accident, but then expanded the discovery. The judge reviewed a one-page chart of the models and, by looking at a simple drawing of each model, ordered what *1130 amounted to incident reports of 73 different models, i.e., all of those which "don't have cabs." The only discovery excluded was for the 16 clearly different models, which the judge defined as "these great big ones that have cabs on them." The judge ordered all incident reports on the 73 different models from 1978 to the present.

A. "Substantial Similarity" Requirement
Caterpillar argues that only those models within the same "family" are similar enough to the forklift at issue so as to lead to the discovery of relevant evidence. This situation is most similar to other cases involving car companies who manufacture a number of different models. For example, in Toyota Motor Corp. v. Greene, 483 So.2d 130, 131 (Fla. 1st DCA 1986), the court said the order compelling Toyota to "provid[e] any information concerning defects in the manufacture, installation, operation, or maintenance of the cruise control system for the last 10 years" was overbroad. The First District Court of Appeal refused to allow the interrogatories to be used as "a fishing expedition."
More specifically, in Mazda Motor Corp. v. Quinn, 524 So.2d 1021, 1023-24 (Fla. 1st DCA 1987), the trial court failed to limit certain other interrogatories with respect to relevant dates, the components or portions of the vehicle involved, and the nature of the collision which actually occurred. Upon rehearing, the First District Court of Appeal concluded that the trial court had departed from the essential requirements of the law because the discovery sought was "overbroad, excessively burdensome, and oppressive in that they seek information that is irrelevant to the issues raised by the pleadings and inquire into matters well beyond the material facts and issues in this case." Id. at 1024.
Along that line, Florida has established a rule that before similar accidents or incidents are either discoverable or admissible the plaintiff must establish that the incidents are "substantially similar." Florida's leading case on this issue is Perret v. Seaboard Coast Line R.R., 299 So.2d 590 (Fla. 1974). There the court quoted the general rule:
Subject to the general requirement of similarity of conditions, reasonable proximity in time, and avoidance of confusion of issues, the courts have generally recognized that ... evidence of prior similar injuries resulting from the same appliance as the injury in suit, is admissible for the purpose of showing the existence of dangerous or defective premises or appliances.
Id. at 592.
The cases which have considered the question of substantial similarity have usually been considered in the context of admissibility as opposed to discoverability. See Christmas v. Seaboard Coast Line R.R., 294 So.2d 384, 385 (Fla. 2d DCA 1974) (purported negligence must arise "from the same or substantially similar conditions existing at the time of the prior [accident]"; then, and only then can the defendant be charged with scienter), cert. denied, 312 So.2d 744 (Fla. 1975); Reinhart v. Seaboard Coast Line R.R., 422 So.2d 41, 44 (Fla. 2d DCA 1982) (prior accidents occurring under substantially similar conditions allowed to show that problem existed and that defendant had notice of the problem), reviews denied, 431 So.2d 988; 431 So.2d 989 (Fla. 1983); Warn Indus. v. Geist, 343 So.2d 44, 46 (Fla. 3d DCA 1977) (prior accident shown to be substantially similar allowed), cert. denied, 353 So.2d 680 (Fla. 1977); Town of Belleair v. Taylor, 425 So.2d 669, 671 (Fla. 2d DCA 1983) (accident 4 years earlier is too remote and not substantially similar because it occurred on opposite side of intersection).
As shown by Greene and Quinn, however, there must still be a connection between the discovery sought and the injury claimed. To hold otherwise would allow an improper fishing expedition. See also other products cases such as Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978) (discovery order overbroad in part because of lack of evidence that tires manufactured at plant were substantially similar to tire involved in case), and Earl v. Gulf & W. Mfg. Co., 123 Wis.2d 200, 366 N.W.2d 160 (Ct.App. 1985) (also adhering to substantial similarity requirement in discovery).

*1131 B. Remoteness in Time

The reason the trial court used 1978 as the cutoff was because Caterpillar was under a court order in another case to retain incident reports from 1978. However, Caterpillar presented unrebutted evidence that these materials, while not destroyed, were not separately retained. Therefore, discovery of these materials should be limited just as any other discovery must be reasonably limited in time.
The cases which have considered the question of the remoteness in time also have mainly been considered in the context of admissibility as opposed to discoverability. However, some have considered the issue at the discovery stage, and the others are still instructive in determining what should be allowed as discovery because they indicate what would ultimately be relevant. They are as follows: Perret, 299 So.2d at 591 (2 weeks earlier allowed); Warn Indus., 343 So.2d at 46 (accidents 5 years prior to plaintiff's accident discovered); Christmas, 294 So.2d at 385 (3 years earlier not allowed because of failure to meet substantial similarity requirement); Friddle v. Seaboard Coast Line R.R., 306 So.2d 97, 98 (Fla. 1974) (2 + years earlier allowed); Florida Power & Light v. Limeburner, 390 So.2d 133, 134 (Fla. 4th DCA 1980) (accidents 3 years prior to the plaintiff's accident discovered); Taylor, 425 So.2d at 671 (prior accident 4 years earlier is too remote); Reinhart, 422 So.2d at 44 (5 years earlier allowed).
There have been a few cases which have specifically considered time constraints in determining what should be discoverable, including a recent case from this court. In Wooten, Honeywell & Kest, P.A. v. Posner, 556 So.2d 1245, 1246 (Fla. 5th DCA 1990), this court held: "We agree with petitioner that the requirement to search all of its files for the past eight years is unduly burdensome if not virtually impossible." See also Toyota Motor, 483 So.2d at 131 (10 years earlier is too remote).

C. Subsequent Accidents
The trial court ordered production of all these documents from 1978 to present. The trial court erred in failing to limit the order to accidents which occurred before the plaintiff's injury. The plaintiff's claim is that Caterpillar knew that the forklift had a propensity to tip over. Thus, plaintiff says, Caterpillar either should have affixed seat belts or grab bars or should have warned of the problem. These claims make subsequent accidents irrelevant, and discovery of subsequent accidents cannot lead to admissible evidence. This lawsuit involves what Caterpillar knew and should have done before appellee's accident; thus what occurred afterwards is immaterial, and has not been shown to be relevant or possibly leading to relevant material. See, e.g., Saunders v. Florida Keys Elec. Co-op., 471 So.2d 88 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla. 1986) (prior accidents discoverable to establish defendant was on notice).

D. Burdensomeness
By looking at the chart, the trial court concluded that records for all 73 non-cab forklift models should be produced. In First City Devs. Inc. v. Hallmark Condo. Ass'n, Inc., 545 So.2d 502 (Fla. 4th DCA 1989), the court stated it is incumbent upon defendants to quantify for the trial court the manner in which such discovery might be overly broad or burdensome by showing the volume of documents, or the number of man-hours required in their production, or some other quantitative factor that would make it so. That is exactly what defendant has done in this case by its Technical Support Manager's unrebutted affidavit:
Caterpillar Industrial Inc. Technical Support consists of a small, very busy staff in Mentor, Ohio and does not include a secretary or paralegal. A search of the Caterpillar Industrial Inc. Incident Report files from 1978 to the present for incidents of a specific type, such as lateral tip overs; the removal, copying, and return of any such reports to the files requires a knowledgeable technical person and would constitute a minimum of three (3) full working days.
The other Florida case plaintiff primarily relies upon is American Honda Motor Co. v. Votour, 435 So.2d 368 (Fla. 4th DCA 1983). However, even there the court admits that "[i]n the abstract it would appear to permit *1132 overbroad excursions into petitioner's records involving unnecessary time and expense." Id. at 370. Notwithstanding this, the court allowed the discovery on the theory that they should accede to the judgment of the trial court, noting that in previous discovery "a film produced pursuant to a court order revealed far more than previous representations had indicated it would." Id. In the present case, there has been no sign that Caterpillar is misrepresenting the facts, and this court has equal access to the one-page chart the trial court used in determining that incident reports on all 73 non-cab models were discoverable.

E. Conclusion
We recognize the general rule of liberal discovery and deference to the trial court's determinations on discovery. However, we must conclude that this discovery order departs from the essential requirements of the law because it is overbroad and burdensome. The order requires discovery of 73 different models, goes too far back in time to 1978 (5 years before the model at issue was manufactured), and goes beyond the date of the accident up to the present, even though subsequent accidents have nothing to do with the issues in the complaint (notice to Caterpillar of a problem). In addition, the defendant submitted unrebutted evidence as to the burdensomeness of producing the requested information. We therefore grant the writ of certiorari and we limit production of the records to 5 years prior to the 1988 accident, which is 1983, the year the T35D was first made. We further remand to the trial court to limit production of records to those forklifts which are substantially similar to the T35D, not simply all 73 forklifts which "don't have cabs."[2]
PETERSON, J., concurs.
GOSHORN, J., concurs in part and dissents in part, with opinion.
GOSHORN, Judge, concurring in part and dissenting in part.
I agree that the discovery order must be reversed because it is overbroad by requiring incident reports of all models of Caterpillar forklifts which "don't have cabs." The discovery must be restricted to models which are substantially similar to the T35D. I also agree that the order must be limited to accidents which occurred prior to the plaintiff's injury. See, e.g., Saunders v. Florida Keys Elec. Co-op, Ass'n, 471 So.2d 88 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla. 1986).
I do not agree that the order as framed is overly burdensome. Bruce R. Bartter, Caterpillar's technical support manager and the person who signed the affidavit relied on by petitioner, testified in his deposition that Caterpillar only received from seven to nine incident reports a year. Simple calculation discloses that any search would involve less than 150 reports. Caterpillar, under court order in another case, has maintained these reports in a central office. If there is any difficulty in searching this limited number of records, it is because Caterpillar has chosen to file them in a fashion which complicates the search and/or has failed to properly index the files. See Newman v. Amente, 634 So.2d 305 (Fla. 5th DCA 1994) (holding that the fact that files are not indexed according to the information sought in discovery does not make the search of the files overly burdensome). Under these circumstances, I cannot find the discovery order overly burdensome, particularly when limited to substantially similar models of forklifts.
Likewise, I cannot agree that the discovery order is too remote in time simply because it goes back to 1978. As previously noted, there are only a small number of such reports each year. It seems to me that if, in fact, there are similar incidences beginning in 1978, the longer Caterpillar knew of the propensity of similar models to tip over, the greater its responsibility to correct any problems *1133 and the greater its legal liability if it failed to correct those problems.
NOTES
[1] Certiorari is a proper remedy for overbroad discovery orders because once discovery is wrongfully granted the complaining party is beyond relief. Wooten, Honeywell & Kest, P.A., v. Posner, 556 So.2d 1245 (Fla. 5th DCA 1990); see Jerry's South, Inc. v. Morran, 582 So.2d 803 (Fla. 1st DCA 1991).
[2] Although the trial judge recognized at the hearing that the defendant is entitled to reimbursement for the cost of the discovery, his order made no provision for payment. See Young v. Santos, 611 So.2d 586 (Fla. 4th DCA 1993).