651 So.2d 209 (1995)
AMERICAN MEDICAL SYSTEMS, INC., Petitioner,
v.
William Grady OSBORNE, Sr., and Pamela Phillips Osborne, his wife, Respondents.
No. 94-04354.
District Court of Appeal of Florida, Second District.
March 1, 1995.
*210 Sharon Lee Stedman, Sharon Lee Stedman, P.A., Orlando, for petitioner.
Gordon James, III, Conrad, Scherer, James & Jenne, Fort Lauderdale, for petitioner.
Scott Charlton, Clark, Charlton & Martino, P.A., Tampa, for respondent.
PARKER, Acting Chief Judge.
Defendant, American Medical Systems, Inc., (AMSI) petitions for a writ of certiorari, requesting that this court quash a trial court's discovery order. We grant the writ of certiorari because the order compelling answers to certain interrogatories is overbroad.[1]
This is a products liability case involving the failure and partial replacement of two penile implants. In its order compelling AMSI to answer three interrogatories, the trial court ordered that AMSI provide considerable information on the AMS 700 Penile Implant.[2] AMSI provided two sworn affidavits to the trial court. One affidavit was from a urology consultant with AMSI who was present at Mr. Osborne's original insertion of a penile implant and at both surgeries involving removal and replacement of cylinders and a pump of the prosthesis and, in each case, an AMS 700 Ultrex Penile Prosthesis and AMS 700 Ultrex replacement parts were utilized. The other affidavit was from a project leader for AMSI who swore that the AMS 700 Ultrex Penile Prosthesis is a prosthesis significantly different in design and performance from AMSI's other four models, the AMS 700, 700 CX, 700 CXM, and 700 Ultrex Plus, and described in the affidavit the engineering and design differences.
In response to this petition, the plaintiffs point out that because counsel for AMSI, when arguing before the trial court, characterized the AMS 700 Ultrex as "a later model within the series," the models work in a substantially similar manner and that the plaintiffs should be entitled to extensive AMS 700 records since the beginning of production in 1983.
Both parties argue that Caterpillar Industrial, Inc. v. Keskes, 639 So.2d 1129 (Fla. 5th DCA 1994) supports each party's respective argument. In Keskes, the Fifth District quashed a discovery order requiring Caterpillar to produce all accident reports from 1978 involving all forklifts which "don't have cabs." This would have required incident reports of seventy-three different models and *211 excluded only sixteen clearly different models which were "great big ones that have cabs on them." Keskes, 639 So.2d at 1130. Keskes makes clear that there must be a connection between the discovery sought and the injury claimed. Otherwise, it is an improper fishing expedition. Keskes, therefore, requires that the plaintiff must establish substantial similarity before similar accidents or incidents are discoverable.
Applying Keskes to this case, we agree with AMSI that the record before the trial court was not sufficient to order AMSI to answer the three interrogatories at issue here. AMSI filed sworn affidavits listing the specific product used and repaired in these surgical procedures and describing it as significantly different in design and performance from other AMSI models. To counter this, plaintiffs argued that the models are all in the same family and analogized to the trial court that the AMS 700 was a generic series like a Chevrolet Lumina where each year Chevrolet moves buttons around and adds different types of chrome, which are changes that do not relate to the failure of a mechanism, as happened in this case. We conclude that this argument does not overcome the evidence before the trial court. Should plaintiffs provide the trial court with proof that there is no significant difference in the different models, this would contradict AMSI's affidavits and the trial court then could revisit the issue.
We grant the writ of certiorari and direct the trial court to limit its orders to AMSI to answer the interrogatories only as they relate to the AMS 700 Ultrex Penile Prosthesis.
PATTERSON and LAZZARA, JJ., concur.
NOTES
[1] Certiorari is a proper remedy for overbroad discovery orders because the complaining party is beyond relief once discovery is wrongfully granted. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
[2] The trial court order provides:

1. As to interrogatory # 2, the defendant will answer as to the total number of AMS 700 Penile Implants implanted as of the date of answering the interrogatory. The answer may be provided as to separate components. This answer will further be subject to a protective order.
2. As to interrogatory # 3, the defendant will respond as to lawsuits against AMS as a result of an alleged failure of an AMS 700 Implant.
....
4. As to interrogatory # 7, the defendant will respond as to the AMS 700 Penile Implant. The response to subpart c will be subject to a protective order.