W. SHARP, Judge,
dissenting.
To the extent that Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), rev. denied, 446 So.2d 100 (Fla.1984) holds that all accident reports prepared by commercial enterprises when business guests are injured on their premises, are immunized from discovery by the work product privilege,[1] I think it went too far. There was no showing in this case that the accident reports requested by the slip-and-fall plaintiff were prepared at the direction of an attorney or an insurance claims representative. The discovery order being overturned here was, in addition, (unlike the order in Winn-Dixie), limited as to time and to types of accidents similar to the one at issue.
As is common in many slip-and-fall cases, the plaintiff in this case must prove that the defendant had either actual or constructive knowledge of the condition which caused the plaintiff to fall. Accident reports (if they exist) could provide the best proof of the defendant’s actual or constructive knowledge. I would deny the writ and allow the discovery ordered by the trial court to proceed. See Caterpillar Industrial, Inc. v. Keskes, 639 So.2d 1129 (Fla. 5th DCA 1994).

. Fla.R.Civ.P. 1.280(b)(3).