716 So.2d 279 (1998)
NISSAN MOTORS CORPORATION, a/k/a Nissan Motor Company, Ltd., a Japanese corporation, and Nissan Motor Corporation In U.S.A., a California corporation, Petitioner,
v.
Michael ESPINOSA and Premier Cars Of Martin County, Inc., a Florida corporation, Respondents.
No. 97-4487.
District Court of Appeal of Florida, Fourth District.
June 17, 1998.
Rehearing Denied August 7, 1998.
*280 John Ward Smith, Larry M. Roth and Frank D. Hosley of Roth, Edwards & Smith, P.A., Orlando, for petitioner.
Edward S. Schwartz of Law Offices of Philip M. Gerson, P.A., Miami, for respondent-Michael Espinosa.
WARNER, Judge.
The petition for writ of certiorari is granted. Petitioner challenges an order compelling discovery in an automobile accident case in which respondent Michael Espinosa was injured while driving a 1985 Nissan 300ZX. The discovery request concerned accidents involving Nissan automobiles from 1980 to 1989 as well as design changes to Nissan passenger vehicles with bucket seats from 1980 to 1989. The court ordered such broad discovery on the ground that other Nissan passenger vehicles were substantially similar to the vehicle involved in this case.
As to this request, we would follow American Medical Systems, Inc. v. Osborne, 651 So.2d 209 (Fla. 2d DCA 1995), and Caterpillar Industrial, Inc. v. Keskes, 639 So.2d 1129, 1130 (Fla. 5th DCA 1994). In both products liability cases, discovery requests were made to include information about products other than the specific models involved in the injuries at issue. The courts held that there must be a connection between the discovery sought and the injury claimed. Thus, where the discovery requested information on makes and models different than the one involved in the injury, it was the plaintiff's burden to establish a substantial similarity before discovery of other makes and models was permissible. See Osborne, 651 So.2d at 210-11; Keskes, 639 So.2d at 1130-32.
On this record, the respondents failed to meet their burden. They offered no evidence or affidavits to show that other Nissan passenger vehicles were substantially similar to the Nissan 300ZX involved in the accident in this case. The only evidence presented was that of the petitioner which showed that the various makes and models were not substantially similar. For this reason, we grant the petition and quash the order of the trial court.
STONE, C.J., and SHAHOOD, JJ., concur.