736 So.2d 1248 (1999)
WAL-MART STORES, INC., Petitioner,
v.
Marlana CUMMING, Respondent.
No. 99-1126.
District Court of Appeal of Florida, Fourth District.
June 30, 1999.
Rachel P. Ray of Bridgers & Gill, Pensacola, for petitioner.
Leslie Hecker, Coral Gables, for respondent.
PER CURIAM.
Wal-Mart seeks to invoke this court's discretionary certiorari jurisdiction to review a discovery order that requires it to produce what is described as irrelevant information. Because Wal-Mart's has not demonstrated that the order will cause irreparable harm, we dismiss its petition for writ of certiorari. We write to resolve what has been viewed as a conflict in our recent decisions on the scope of our certiorari jurisdiction.
This court has explained that certiorari does not lie to review the relevance of discovery, since the disclosure of information that is merely irrelevant is not likely to cause irreparable harm within the meaning of Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). See, Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021 (Fla. 4th DCA 1998); Eberhardt v. Eberhardt, 666 So.2d 1024 (Fla. 4th DCA 1996). The Florida Supreme Court recently approved that view of the limitation on our certiorari jurisdiction. See Allstate Insurance Co. v. Boecher, 24 Fla. L. Weekly S187, 733 So.2d 993, 1999 WL 231102 (Fla.1999).
However, Wal-Mart relies on our decision in Nissan Motors Corp. v. Espinosa, 716 So.2d 279 (Fla. 4th DCA 1998) to establish its jurisdictional claim. In Nissan, this court reversed an order requiring disclosure of irrelevant discovery information, without discussing in our published opinion whether the order posed a threat of irreparable harm. To the extent that our Nissan opinion could be read as dispensing with the irreparable harm factor of the test for certiorari jurisdiction, it conflicts with the Supreme Court's opinion in Boecher and cannot be relied upon as an expansion of our certiorari jurisdiction.
PETITION FOR WRIT OF CERTIORARI DISMISSED.
FARMER and TAYLOR, JJ., concur.
STONE, C.J., concurs specially with opinion.
*1249 STONE, C.J., concurring specially.
I concur in the majority opinion but note that I do not read our Nissan Motors opinion as dispensing with a petitioner's need to demonstrate irreparable harm as a prerequisite to certiorari relief. Although I recognize that the Nissan Motors opinion does not address whether the court was concerned about the burdensome impact of the discovery sought, or whether we deemed the over-broad discovery in that case as causing irreparable harm, such would appear to be the likely, albeit not expressed, concern there. Neither do I read either Martin-Johnson or Boecher as precluding certiorari review of discovery that is so over-broad and/or burdensome as to create irreparable harm. I fully concur in our reiteration that certiorari is not available to challenge the relevance of discovery.