961 So.2d 1004 (2007)
The REDLAND COMPANY, INC., Petitioner,
v.
ATLANTIC CIVIL, INC., a Florida Corporation, f/k/a Florida Rock and Sand Company, Inc., Respondent.
No. 3D06-2359.
District Court of Appeal of Florida, Third District.
July 11, 2007.
Lisa S. Walsh; Dresnick & Rodriguez and Pamela I. Perry, Miami, for petitioner.
*1005 Shubin & Bass and Jeffrey S. Bass; Gonzalo R. Dorta, Miami, for respondent.
Before COPE, SUAREZ, and LAGOA, JJ.
PER CURIAM.
The Redland Company, Inc. ("Redland") petitions for a writ of certiorari quashing the trial court's order compelling production of Redland's corporate tax returns, corporate general ledgers maintained during the ordinary course of business, and all supporting documents used to prepare the ledgers. Because we find that the order compelling production is overbroad, we grant the writ.
The underlying dispute in this case arises from Redland's alleged continued violation of a September 1999 settlement agreement entered into by Redland, the Respondent, Atlantic Civil, Inc. ("Atlantic"), and the City of Homestead. The settlement agreement resolved disputes among the parties arising out of quarrying activities at a public lake owned by the City of Homestead. Paragraph six of the settlement agreement contained a restriction prohibiting the removal of fill from the lake to points outside certain boundaries:
6. City and Redland agree that they shall not seek modification of the condition set forth in the DERM Dredge and Fill Permit for the Lake which prohibits removal of fill material from the Lake to points outside of the boundaries of the Villages of Homestead Development of Regional Impact ("the VOH DRI"). Further, Redland, including its successors or assignees, and City agree not to remove or attempt to remove any fill material from the Lake or from any other lake within the boundaries of the VOH DRI to points outside of the boundaries of the VOH DRI. Similarly, the City agrees not to grant permission to Redland or to any other individual or entity to remove fill from the Lake to any location outside of the VOH DRI. Further, City agrees not to allow any person or entity to remove fill form any other location in the VOH DRI to any location outside of the VOH DRI, unless City is required by a court of competent jurisdiction to allow such removal or City is required to review such removal request in a quasi-judicial capacity. . . .
Paragraph five of the settlement agreement also required Redland to provide Atlantic a right of first refusal to sell Redland certain products including concrete, sand, and similar construction supplies:
5. During the course of its business activities when Redland from time to time needs concrete, sand or other like supplies produced by FRS,[1] it shall provide a verifiable right of first refusal to Florida Rock, to provide such materials to Redland on terms which are as favorable or more favorable to Redland than those available form other supply sources. This is intended to encourage consistent and harmonious relations between Redland and Florida Rock in common and routine business dealings.
Almost immediately after the parties executed the settlement agreement, Redland violated paragraph six of the settlement agreement by removing fill from the lake and hauling it to a location outside of the designated boundaries.
Subsequently, Atlantic filed suit against Redland and the City of Homestead. In its Fifth Amended Complaint, Atlantic alleged claims for breach of contract, unjust enrichment, and sought an accounting and injunctive relief. Specifically, Atlantic claimed that Redland had breached paragraph six of the agreement by "removing *1006 or permitting the removal of fill material from points within the VOH DRI to points outside the VOH DRI on numerous occasions" and by making "unauthorized sales, removal, or delivery of City fill outside the permitted area in violation of the [s]ettlement [a]greement." Atlantic also alleged that "Redland had repeatedly breached paragraph five (5) of the [s]ettlement [a]greement by failing to provide Plaintiff with a verifiable right of first refusal to `provide concrete, sand or other like supplies' to Redland on terms that are as favorable or more favorable to Redland that those available from other supply sources."
During the course of discovery, Atlantic propounded a Third Request for Production to Redland. The following requests are at issue:
1. Produce your corporate tax returns along with all company schedules from the year 1997 through the present.
2. Produce your company's general ledgers maintained during the ordinary course of business covering the years 1997 through the present.
3. Produce all backup invoices, receipts, cancelled checks, check drafts, and all other documents that were used to make the entries and otherwise prepare the general ledger that you are producing pursuant to the foregoing request.
After proceedings below before both the trial court and a special magistrate, the trial court denied Redland's Objections to the Third Request for Production and denied Redland's Objections and Exceptions to the Special Magistrates's Recommendation.[2] The trial court found that items 1-3 of Atlantic's Third Request for Production were discoverable and ordered their production within ten days. In its order the trial court required Redland to produce a privilege log within the same ten (10) days for review by the court if Redland believed that the discovery was highly confidential. This appeal ensued seeking to quash the order compelling production of these items.
"[C]ertiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); see also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Although not every erroneous discovery order creates certiorari jurisdiction, certiorari is the proper remedy for overbroad discovery orders "because once discovery is wrongfully granted, the complaining party is beyond relief." Caterpillar Industrial, Inc. v. Keskes, 639 So.2d 1129, 1129 n. 1 (Fla. 5th DCA 1994); accord Life Care Centers of America v. Reese, 948 So.2d 830, 832 (Fla. 5th DCA 2007); American Medical Systems, Inc. v. Osborne, 651 So.2d 209, 210 n. 1 (Fla. 2d DCA 1995). Such is the case here.
The trial court's order departs from the essential requirements of the law by requiring overbroad discovery that will cause material injury to Redland and leave them with no adequate remedy on appeal. First, the order requires the production of tax returns, general ledgers, and supporting documentation from 1997 through the present. This time frame request, however, is unreasonably broad given that the settlement agreement, which forms the basis *1007 of the breach of contract action was not executed by the parties until September 1999. Second, the challenged order requires the wholesale turnover of documents without regard to the issues framed by the alleged breaches of paragraphs five and six of the settlement agreement, and as such we find that the order is overbroad in that respect as well.
We therefore grant the petition and quash the order below. Our finding, however, is without prejudice for Atlantic to fashion discovery requests that are more narrowly crafted to relate to the alleged breaches of paragraphs five and six of the settlement agreement. Moreover, this opinion should not be construed as a comment on the merits of the underlying claims or whether said requests may be relevant if more narrowly crafted to the alleged breaches.
For reasons stated, we grant the petition and quash the order.
NOTES
[1] Atlantic was formerly known as Florida Rock and Sand.
[2] Redland asserted various objections to Atlantic's discovery including overbreadth objections based upon time and scope.