DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SECURITAS SECURITY SERVICES USA, INC.,**
Petitioner,

v.

**CARL WILLIAMS,**
Respondent.

No. 4D21-186

[June 16, 2021]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE17-006679 (04).

Stephanie M. Simm and Christine L. Welstead of Bowman and Brooke LLP, Miami, for petitioner.

Milton Blaut and Patricia Francois of Blaut Weiss Law Group, Plantation, for respondent.

PER CURIAM.

The petitioner seeks certiorari review of the trial court's discovery order, which requires the petitioner to produce financial records from its parent company and two of the petitioner's individual employees in response to the respondent's requests for punitive damages discovery. We grant the petition.

Review by certiorari can be appropriate where the trial court compels the production of private financial information from non-parties. *Borck v. Borck*, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005). "When confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party." *Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc.*, 26 So. 3d 620, 622 (Fla. 4th DCA 2009).

Under the circumstances of this case, we conclude that the trial court departed from the essential requirements of law by ordering the non-parties to disclose financial information. *See Rowe v. Rodriguez-Schmidt*,

89 So. 3d 1101, 1104 (Fla. 2d DCA 2012) ("[T]he trial court departed from the essential requirements of the law because it ordered production of a nonparty's financial information without considering any evidence regarding its relevance.").

The non-party individual employees' financial information is not discoverable. Assuming the respondent seeks the information to determine whether large sums are being paid to the individuals, thus reducing the petitioner's net worth, the same information can be gleaned from the petitioner's own financial records. Thus, the respondent has not shown a need for the individual employees' financial records.

As for the non-party parent company, which the respondent alleges is a pass-through entity, the parent company's financial records might be relevant to determining the petitioner's net worth. However, the rule of civil procedure governing subpoenas "provides a much more appropriate method of obtaining these documents," and offers an opportunity for the parent company's "views on the matter to be considered." *Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979).

This case is distinguishable from our decision in *American Honda Motor Co. v. Votour*, 435 So. 2d 368, 369 (Fla. 4th DCA 1983), where we held that a parent corporation, engaged in litigation, can produce records of its wholly owned subsidiary. Here, the respondent seeks the parent company's financial records from the subsidiary. The petitioner, as subsidiary, does not have control over the parent company and cannot require the parent company to produce its financial records absent a subpoena.

Accordingly, we grant the petition and quash the discovery order.

*Petition granted.*

LEVINE, C.J., WARNER and GROSS, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***