651 So.2d 1282 (1995)
Juan SURIS, Appellant,
v.
GILMORE LIQUIDATING, INC., Appellee.
No. 93-2008.
District Court of Appeal of Florida, Third District.
March 15, 1995.
Stabinski & Funt; Lawrence & Daniels and Adam H. Lawrence, Miami, for appellant.
Amy D. Ronner, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
Juan Suris appeals from an adverse final judgment entered pursuant to a civil action against Gilmore Liquidating, Inc. f/k/a Anthony Abraham Chevrolet Co., Inc. (Anthony Abraham), 1) for common law fraud and 2) for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Chapter 501, Part II, Florida Statutes (1993).[1] We find that the lower court erroneously directed a verdict against Suris' FDUTPA claim, and erroneously prevented Suris from proving his case for which we reverse and remand for a new trial on these counts.
In June 1988, Juan Suris visited Anthony Abraham several times to look for a new 1988 Camaro Iroc Z 5.7 automobile. The Camaro Irocs shown to Suris indicated a sticker price of between $19,000 and $20,000. Suris eventually purchased a 1989 demonstrator Camaro Iroc from Anthony Abraham for $26,500, a price offered by Anthony Abraham management. Suris alleges that Anthony Abraham, through its management and salesman, made various representations to him about the vehicle in order to justify its higher cost. Suris claims the salesman told him that the car was a special, limited edition, with a Corvette engine, that few such vehicles were made, and that the car would not lose value because it was unique.
*1283 About two weeks after purchasing the car, Suris discovered a detached window price sticker in the car's glove compartment listing the "Factory Suggested Retail Price" at $21,689. Additionally, Suris discovered that while he had been shown worksheets that provided for a "used car allowance" of $12,000, and a "net trade-in" value of $10,200, Anthony Abraham in the final sale had allowed Suris only $7,000 on his trade-in vehicle, admittedly under the blue book value.
Essentially, Suris' claim is that the defendant, through its management, misrepresented the true price of the car, as well as the value of the vehicle he traded in. Suris alleges that as a result, he overpaid for the new car, and the trade-in value of the vehicle was inadequate.
The trial court directed a verdict in Anthony Abraham's favor on Suris' FDUTPA count, but denied Anthony Abraham's motion for a directed verdict on the common law fraud count, and this issue went to the jury. This appeal followed a jury verdict in favor of Anthony Abraham.
The central aim of the FDUTPA statute is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." See Marshall v. W & L Enterprises Corp., 360 So.2d 1147, 1148 (Fla. 1st DCA 1978) (the statute's purpose is to "make consumers whole for losses caused by fraudulent consumer practices"). The Florida Legislature's intent was for the court, in construing what constitutes an unfair method of competition, an unconscionable act or practice, or an unfair or deceptive act or practice, to give great weight to what interpretation federal courts have given those same terms. See § 501.204(2), Fla. Stat. (1993); see also Urling v. Helms Exterminators, Inc., 468 So.2d 451, 453 (Fla. 1st DCA 1985) (citing Spiegel, Inc. v. Federal Trade Comm., 540 F.2d 287, 293 (7th Cir.1976), finding that a practice was "unfair" under federal law if it offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers). Here, Suris alleged sufficient misrepresentation and deceptive non-disclosure on Anthony Abraham's part to, at the very least, create a jury question concerning the deceptive or misleading nature of Anthony Abraham's acts under the FDUTPA, thereby precluding the directed verdict on the FDUTPA count that was ordered.
In support of his common law fraud claim, Suris proffered evidence of the resale price of his trade-in through testimony from a GMAC employee and by a GMAC letter to the plaintiff's attorney. Suris claims that this evidence would have shown the jury that three days after Suris traded in his vehicle for $7,000, Anthony Abraham resold it for $17,000, indicating that it was worth much more in trade than Anthony Abraham had given for it, which was already below the book value. The trial court excluded this evidence as irrelevant. We disagree. The evidence of the resale price logically tends to establish a correct estimate of value, and is admissible as relevant to Suris's claim for common law fraud. See e.g., Getelman v. Levey, 481 So.2d 1236 (Fla. 3d DCA 1985), rev. denied, 494 So.2d 1150 (Fla. 1986). On remand of the common law fraud issue the exclusion from evidence of the actual resale price of Suris's trade-in vehicle will be admissible if offered.
Based on the disposition of the previous issues, we do not need to address the remaining issues raised by the plaintiff on appeal. Accordingly, we reverse the judgment below and remand for a new trial on both the common law fraud and FDUTPA claims.
NOTES
[1] Section 501.204, Unlawful Acts and Practices, provides in part:

(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.