GRIFFIN, Judge.
Petitioner, Church of Scientology FLAG Service Organization, Inc., seeks certiorari review of an order below compelling discovery. Because we find the ordered discovery impermissibly exceeds its proper scope under the circumstances, we grant the writ.
In 1992, respondents, Samuel W. Williams, O.D., Janet Miller and Williams Vihlen, O.D.’s, PJL, filed suit below against petitioner and two other defendants, The Church of Scientology, Mission of San Francisco and The Emery Wilson Corporation, claiming that they were tricked into giving money to these defendants by false and misleading promises that, by purchasing scientifically developed management programs, their business would be increased and debilitating personality defects that interfered with the success of their business and marriage would be eliminated. They alleged that they expended more than $500,000 based on false and misleading promises. Contained in this verified complaint was a claim for punitive damages. Served with this complaint were interrogatories, numbering ten, and a request for production of documents. In addition to the net worth of the petitioner, the interrogatories requested the following:
1. State your average monthly gross income from all sources, including business income and donations, from all sources, including, but not limited to, partnerships, close corporations and/or independent contracts.
2. List your average monthly net income, after subtracting all ordinary and necessary expenses required to produce said income.
3. State the average amount of income received by you by way of interest and dividends.
4. State the average monthly amount of income received by you by way of rental income after subtracting ordinary and necessary expenses required to produce said income.
5. Itemize any additional average monthly income received by you, but which is not referred to in the preceding interrogatories, after subtraction of all ordinary and necessary expenses required to produce said income.
6. List and describe all tangible or real property owned by you, or in which you own any interest of any nature, and indicate the approximate value of same.
7. State the amount of cash on hand or in any banks in your name alone or joint with others.
8. Identify any stocks, bonds, notes, mortgages or other negotiable instruments payable to you alone or joint with others, and indicate the approximate value of same.
9. Identify any assets not previously requested in the above interrogatories, and indicate the approximate value of same.
The request for production asked for production of all documents utilized or reviewed in the formulation of answers to these interrogatories.
Petitioner promptly moved to strike the punitive damage claim, on the grounds it was not properly asserted as required by section 768.72, Florida Statutes. Also, objections to the discovery were filed on the grounds that the information sought was not reasonably *842 calculated to lead to the discovery of admissible evidence and that such discovery was premature under section 768.72. Respondents then served their motion to compel but, for some reason not clear on the record, the motion to compel was not heard until 1995. After a hearing, the lower court ordered all the discovery in question to be provided to respondents within ten days. Petitioner now seeks review in this court, urging that because section 768.72 was not complied with, the discovery should not be allowed; that such extensive discovery into the financial records of religious institutions violates the protections of the first amendment and, finally, the discovery ordered grossly exceeds that which is material to prove the issue of net worth pertinent to the punitive damage claim.
As the recent decision of Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), makes clear, petitioner is correct that the lower court erred in refusing to strike the punitive damage claim. However, timely appellate review of this order was not sought in this court so this court is without jurisdiction to vacate the order. Because the punitive damage claim stands at this stage of the proceedings, respondents are entitled to financial worth discovery in support of the punitive damage claim. See § 768.72, Florida Statutes (1993). Nevertheless, we agree with petitioner that the discovery petitioner has been ordered to provide far exceeds what is appropriate at this stage of the proceedings to prove net worth for purposes of a punitive damage claim. Although the lower . court has broad discretion in discovery matters, it is within the power of this court to intervene when the lower court has abused its broad discretion in ordering discovery. Present in this case are several factors that, standing alone, might not support certiorari; in combination, however, we believe they do. First, the discovery ordered is relevant only on the issue of net worth, and net worth is relevant only to a punitive damage claim whose continued vitality under current case law is doubtful. Second, the discovery requires the disclosure of literally every aspect of petitioner’s financial existence. Third, petitioner is a religious institution and the court should exercise special care that such discovery is legitimately needed for litigation, not desired for some other purpose. We do not say that such discovery could not ultimately be ordered in this case if the record disclosed special circumstances that would warrant it. However, given the issue on which this discovery is sought, the nature and extent of the discovery demanded, and the nature and relationship of the parties, this discovery should be more narrowly drawn. Accordingly, we grant the petition for certiorari, vacate the appealed order and remand to the lower court with directions to limit the financial discovery of the petitioner in a manner consistent with this opinion.
WRIT GRANTED.
COBB, J., concurs.
W. SHARP, J., dissents, with opinion.