680 So.2d 546 (1996)
BROWN & WILLIAMSON TOBACCO CORP. (as successor by merger to The American Tobacco Company), Petitioner,
v.
Grady CARTER and Mildred Carter, Respondents.
No. 96-1747.
District Court of Appeal of Florida, First District.
July 16, 1996.
J.W. Prichard, Jr., James F. Moseley and Robert B. Parrish of Moseley, Warren, *547 Prichard & Parrish, Jacksonville, for petitioner.
Norwood S. Wilner, Gregory H. Maxwell and Stephanie J. Franda of Spohrer, Wilner, Maxwell, Maciejewski & Stanford, Jacksonville, for respondents.
PER CURIAM.
Through this timely petition for writ of certiorari, Brown & Williamson Corporation seeks review of a non-final order of the circuit court which denied its motion for summary judgment on certain claims of the plaintiffs. For the reasons set forth below, we deny the petition.
Respondents are plaintiffs in the trial court seeking to recover damages for personal injuries allegedly caused by cigarette smoking. The defendant sought summary judgment on all post-1969 failure to warn claims, asserting they were preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331-1340. The trial court denied summary judgment, reasoning that, to the extent plaintiffs' failure to warn claims relied upon the adequacy or inadequacy of communications unrelated to advertising or promotion, they remained viable. This theory, according to the defendants, was rejected in Cipollone v. Liggett Group, Inc., 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).
We find relief is not warranted at this juncture because petitioners have not shown an injury which cannot be remedied on appeal from a final order. Denial of a motion for summary judgment or a motion to dismiss will not be reviewed through certiorari for this reason. See Vanco Const., Inc. v. Nucor Corp., 378 So.2d 116 (Fla. 5th DCA 1980); Johnson v. Henningson, 370 So.2d 60 (Fla. 4th DCA 1979), cert. denied and appeal dismissed, 383 So.2d 1196 (Fla.1980). Petitioners argue that failure to correct this trial court error now will result in an unnecessary trial in this case and others because they will ultimately have to be retried as a consequence of the trial court's error. This court, however, has found that the time, trouble, and expense of an unnecessary trial is not "irreparable harm" when determining whether the threshold elements of certiorari jurisdiction have been met. Continental Equities, Inc. v. Jacksonville Transp. Authority, 558 So.2d 154 (Fla. 1st DCA 1990). Indeed, one of the decisions of this court upon which petitioner relies as demonstrating error in the trial court's ruling shows that appeal from a final judgment can be and is an adequate remedy. ISK Biotech Corp. v. Douberly, 640 So.2d 85 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1194 (Fla.1995).
PETITION FOR WRIT OF CERTIORARI DENIED.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.