697 So.2d 1247 (1997)
Hans-Juergen STOEVER and Karin Stoever, Petitioners,
v.
VEDDER HOMES, INC., etc., et al., Respondents.
No. 97-969.
District Court of Appeal of Florida, Fifth District.
July 18, 1997.
*1248 Paul M. Guntharp, Jr. of Chiumento, Braunstein, Guntharp & Emery, P.A., Palm Coast, for Petitioners.
C. Anthony Schoder, Jr. of Smith, Schoder, Bouck & Roddenberry, P.A., Daytona Beach, for Respondents.
ANTOON, Judge.
Hans-Juergen Stoever and Karin Stoever petition this court for a writ of certiorari to review a nonfinal order entered by the trial court denying their motion in limine. We deny the petition.
The Stoevers contracted with Vedder Homes, Inc., for the construction of their new home. The home was completed in 1991. In 1994, they learned that the home had sustained extensive termite damage. The Stoevers notified Vedder, as well as the extermination company who had treated their home for termites, of the damage. The Stoevers reached a settlement with the extermination company, but were unable to settle with Vedder. Consequently, the Stoevers filed an action for damages against Vedder.
Prior to trial, the Stoevers moved for an order in limine excluding evidence of their settlement with the extermination company. Citing sections 46.015(3)[1] and 768.041(3),[2] Florida Statutes (1995), the motion in limine asserted that it would be improper to allow Vedder to inform the jury of the settlement. The motion also sought exclusion under section 90.403, Florida Statutes (1995), on the ground that the prejudicial impact of allowing such evidence would outweigh any probative value. The trial court denied the motion and ruled that evidence of the settlement was admissible. The Stoevers seek certiorari review of this ruling.
In their petition, the Stoevers argue that denial of the motion in limine constitutes a departure from the essential requirements of law. They further argue that no adequate remedy exists by appeal because the entire trial would be fatally flawed by the introduction of this evidence. Moreover, the Stoevers maintain that this is a matter of irreparable harm because they cannot afford to continue the lawsuit through a trial, an appeal, and, ultimately, a retrial on remand.
Certiorari review of a nonfinal order is available only if the order is a departure from the essential requirements of law, causing material injury throughout the remainder of the proceedings, and effectively leaving no adequate remedy on appeal. Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). The Stoever's claim of irreparable harm caused by expenditure of time and money on an unnecessary trial and subsequent appeal is insufficient to justify certiorari review. Brown & Williamson Tobacco Corp. v. Carter, 680 So.2d 546 (Fla. 1st DCA 1996); Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982).
PETITION DENIED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Section 46.015(3) provides:

The fact that a written release of covenant not to sue exists or the fact that any person has been dismissed because of such release or covenant not to sue shall not be made known to the jury.
[2] Section 768.041(3) provides:

The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.