739 So.2d 138 (1999)
Milan DAVICH, Jr., Appellant,
v.
NORMAN BROTHERS NISSAN, INC., etc., et al., Appellees.
No. 98-1608.
District Court of Appeal of Florida, Fifth District.
July 16, 1999.
Rehearing Denied August 17, 1999.
*139 Charles L. Steinberg, Orlando, for Appellant.
W. Scott Powell and Larry M. Roth, of Roth, Edwards & Smith, P.A., Maitland, for Appellees.

UPON MOTION FOR REHEARING
PETERSON, J.
The appellant, Milan Davich, Jr., has moved for rehearing and clarification regarding certain discovery issues. We grant the motion, withdraw our previous opinion, and issue the following in its place.
Milan Davich, Jr., appeals a final summary judgment dismissing his complaint against Norman Brothers, Inc. (Norman Brothers) and Nissan Motor Company in USA (Nissan) for equitable rescission, violation of the Florida Deceptive and Unfair Trade Practices Act, section 501.201, et seq., Florida Statutes (1991) (FDUTPA), and fraud and deceit.
This controversy began when Davich discovered that the new black 1991 Nissan Sentra automobile that he had purchased from Norman Brothers appeared to have paint damage. Davich contends the paint damage existed at the time of purchase and was caused by acid rain fallout. The paint damage is undetectable without careful inspection and went unnoticed until Davich attempted to eliminate the "water spots" on the paint by polishing it a short time after the purchase. Norman Brothers and Nissan attempted to replace Davich's vehicle but were unable to find an undamaged vehicle of the same particular color and model. Finally, Nissan offered to replace the vehicle with the next year's model, if Davich would pay for mileage charges and the increase in price of the *140 next year's model. Davich rejected this offer, opining that he should not be forced to pay for Norman Brothers' deceit. Davich then brought the instant suit.
Davich alleged in count IV of his complaint that there was a conspiracy between Nissan and Norman Brothers from 1991 until the Fall of 1992 to sell cars damaged by acid rain fallout to the general public, that such damage was concealed from the public, and that Davich was a victim of this conspiracy. Based on such allegations, Davich sought discovery from Nissan of all documentation pertaining to the sale of Nissan vehicles to its dealers, including Norman Brothers, for the time period in question where the paint was either damaged or affected by a foreign substance consistent with acid rain, fall out, or other environmental damage. The trial court ordered a limited production of the documentation requested by Davich, restricting discovery to 1990 and 1991 vehicles sold by Nissan to Norman Brothers on or before March 23, 1991, the date Davich took delivery of his car. We find that the trial court erred in limiting the production of the documentation regarding vehicles sold by Nissan to Norman Brothers for the time period requested, i.e., 1990 to Fall of 1992, because this evidence is relevant to Davich's contention that Nissan and Norman Brothers were aware of acid rain damage to many of its vehicles but conspired to sell them as new and undamaged.
Discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to admissible evidence. Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Fla. R. Civ. P. 1.280(b)(1). The concept of relevancy is broader in the discovery context than in the trial context and a party may be permitted to discover relevant evidence that would be inadmissible at trial, so long as it may lead to the discovery of admissible evidence. Amente v. Newman, 653 So.2d 1030 (Fla.1995); see also Balas v. Ruzzo, 703 So.2d 1076 (Fla. 5th DCA 1997), rev. denied, 719 So.2d 286 (Fla.1998). And of necessity, wide latitude should be permitted in seeking evidence of fraud since positive proof of the tort is generally not to be expected. Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983) (in fraud action against seller of computer system for alleged misrepresentations as to compatibility of computer with software package, information as to possible problems another buyer had with similar system was relevant and discoverable, as reasonably calculated to lead to discovery of admissible evidence, even though information itself may have been inadmissible at trial; information went to material element of fraud claim that seller and its agents had actual or constructive knowledge of problems with system prior to sale in question), quashed on other grounds, 472 So.2d 1166 (Fla.1985); Continental Mortgage Investors v. Village By The Sea, Inc., 252 So.2d 833 (Fla. 4th DCA 1971) (in a mortgage foreclosure action, discovery was permitted as to details of the lender's prior transactions with others when usury was a possible defense and those prior transactions might have shown a general modus operandi). See also Saunders v. Florida Keys Elec. Co-op. Ass'n, 471 So.2d 88 (Fla. 3d DCA 1985) (evidence of similar incidents is relevant for discovery and admissible at trial for purposes of showing existence of a danger or defect and notice or knowledge thereof), rev. denied, 482 So.2d 348 (Fla. 1986); Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704, 707 (1903) ("Fraud assumes so many shapes, disguises, and subterfuges that courts always afford a latitude of evidence by admitting anything at all connected with the transaction in which it is alleged to exist, in order that it may be detected and exposed, for the safety of society and the benefit of morals"); West Florida Land Co. v. Studebaker, 37 Fla. 28, 19 So. 176 (1896) (where fraud in the purchase or sale of property is in issue, other frauds of like character, committed *141 by the same parties at or near the same time are admissible).
Additionally, discovery should not be limited to production of documentation, and we direct the trial court on remand to allow Davich to utilize all forms of discovery, including depositions, interrogatories, and requests for admission if such forms are helpful to Davich in attempting to prove his allegations of fraud and conspiracy.
Discovery regarding Nissan sales to other dealers in the U.S.A., however, is not relevant to Davich's claim of conspiracy between Nissan and Norman Brothers, and we find the trial court properly restricted discovery as to other dealers.
We vacate the summary judgment based on our conclusion that the trial court abused its discretion in denying Davich the opportunity to obtain possible support for his actions under FDUTPA and for fraud and deceit. We also vacate the judgment because genuine issues of material fact continue to exist including, inter alia, whether Norman Brothers, in selling a new car, impliedly and falsely represented that the paint finish was undamaged[1], whether Davich's car was damaged by acid rain, whether Norman Brothers violated the FDUTPA[2] by concealing such alleged damage[3], and whether Norman Brothers fraudulently concealed such alleged condition[4]. All these issues were raised by Davich and a review of the record fails to resolve them.
Notwithstanding, we are concerned about the sustainability of Davich's request for equitable rescission. Davich continues to drive the Nissan and had accumulated considerable mileage on it by the time of the hearing in 1995. The car has also been damaged by hail for which Davich received insurance payments but did not carry out any repairs. If, upon remand, Davich is able to prevail on his fraud counts, rescission would not be the proper remedy because the parties could not be placed in their pre-sale positions due to the damage and depreciation of the vehicle. Bush v. Palm Beach Imports, Inc., 610 So.2d 68 (Fla. 4th DCA 1992).
Lastly, we find no merit in the appellee's position that the economic loss rule bars Davich's counts for fraud. Davich is contending that he was fraudulently induced into entering the contract of purchase. Fraudulent inducement is not barred by the economic loss rule. HTP, Ltd. v. Lineas Aereas Costarricenses, 685 So.2d 1238 (Fla.1996); La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla. 5th DCA 1998).
We vacate the judgment and remand for further proceedings consistent with this opinion.
*142 JUDGMENT VACATED; REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Orange Motors of Coral Gables, Inc. v. Dade County Dairies, Inc., 258 So.2d 319 (Fla. 3rd DCA 1972) (every buyer has the right to assume his new car, with the exception of minor adjustments, will be mechanically new and factory furnished, operate perfectly, and be free of substantial defects, especially in view of the high powered advertising techniques of the auto industry), cert. denied, 263 So.2d 831 (Fla.1972).
[2] We further direct the trial court to allow Davich to amend Count IV to add a FDUTPA violation claim against Nissan as well.
[3] Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602 (Fla. 2d DCA 1997) (buyers stated claim under FDUTPA by alleging that purchase of vehicle from seller was a consumer transaction and that seller's failure to disclose fact that vehicle had been damaged and repaired constituted a deceptive act); Suris v. Gilmore Liquidating, Inc., 651 So.2d 1282 (Fla. 3d DCA 1995) (automobile buyer created a jury question concerning the deceptive or misleading nature of dealer's acts under FDUTPA by alleging that dealer misrepresented true price of car, as well as value of trade-in).
[4] Nessim v. DeLoache, 384 So.2d 1341 (Fla. 3d DCA 1980) (issue of fraud is not ordinarily a proper subject for summary judgment because, being a subtle matter, fraud requires a full explanation of facts and circumstances of alleged wrong to permit determination whether they collectively constitute fraud, and for that reason such determination is seldom one that can be made in a legally sufficient manner without trial).