ANTOON, C.J.
Adventist Health System/Sunbelt Health Care Corp., d/b/a Florida Hospital Orlando (Florida Hospital), has filed a petition for a writ of certiorari seeking review of a non-final order compelling discovery.[1] Finding that the trial court did not depart from the essential requirements of law in compelling discovery, we deny the petition.
The petitioner, Florida Hospital, is a defendant in a medical malpractice action filed by Joseph K. Judge as personal representative of the estate of his deceased wife Martha T. Judge. Mr. Judge contends that Mrs. Judge’s treating physician, Neal Powell, M.D., and Florida Hospital are liable for her wrongful death.
On August 27, 1998, Mr. Judge deposed Alan Appley, M.D., a neurosurgeon who assisted Dr. Powell during surgery performed on Mrs. Judge. Dr. Appley testified that after Mrs. Judge’s death Dr. Powell verbally threatened him on at least two occasions after Mrs. Judge’s death because Dr. Powell perceived that Dr. Appley was critical of the medical treatment Mrs. Judge received. Dr. Appley also testified that he and his wife conveyed the content of Dr. Powell’s alleged threats to certain members of Florida Hospital’s security and management personnel.
On September 24, 1998, Mr. Judge served eleven interrogatories on Florida Hospital. On November 25, 1998, Mr. Judge filed a motion to compel answers to the interrogatories. On February 2, 1999, Florida Hospital served answers to the first eight interrogatories, but objected to interrogatories 9, 10, and 11. These three interrogatories sought disclosure of information concerning Dr. and Mrs. Appley’s reports of Dr. Powell’s alleged threats. The interrogatories requested the names of the persons who received the reports at the hospital, the substance of the reports, and the response made by Florida Hospital and Dr. Powell to the reports. Florida Hospital asserted that the communications were statutorily privileged because the conversations were conducted within the framework of risk management, peer review, and quality assurance programs. See § 395.0193(7), Fla. Stat. (1997). Further, Florida Hospital claimed that the contents of the conversations were outside the scope of discovery because they were irrelevant to the facts and issues in the medical malpractice lawsuit.
A hearing was held on the motion to compel. At the hearing, the trial court found that Florida Hospital’s objections to the interrogatories were not timely filed. The court also found that the interrogatories were relevant to the issues of Dr. Powell’s motivation, truthfulness, and attempts to potentially influence testimony. The court further ruled that the interrogatories did not seek disclosure of any privileged information. On February 3, 1999, the trial court entered a written order granting Mr. Judge’s motion to compel.
The trial court was correct in ruling that Florida Hospital’s objections were untimely because they were not served within thirty days after the service of the interrogatories. See Fla. R. Civ. P. 1.340(a). The trial court was also correct in ruling that discovery of information concerning alleged threats made by Dr. Powell against Dr. Appley was reasonably related to credibility issues. The concept of relevancy is broader in the discovery context than in the trial context. See Davich v. Norman Brothers Nissan, Inc., 24 Fla. L. Weekly D1682, 739 So.2d 138 (Fla. 5th DCA 1999).
Furthermore, the trial court was correct in ruling that the interrogatories at issue did not seek disclosure of any information which was privileged. While the records of a peer review evaluation are exempted from discovery under section 395.0193(7), Florida Statutes (1997), the *697 instant interrogatories do not seek disclosure of any information regarding a peer review investigation concerning the medical treatment rendered to Mrs. Judge. Also, there is no indication that Dr. Powell’s alleged threats were the subject .of any peer review investigation. Moreover, Dr. Appley was not a member of the peer review panel investigating the medical treatment rendered to Mrs. Judge. Cf. Smithwick v. Television 12 of Jacksonville, Inc., 730 So.2d.795 (Fla. 1st DCA 1999) (holding that medical peer review privilege did not apply to documents which contained information from sources unconnected with medical peer review process). The interrogatories at issue also do not seek disclosure of information contained in .“incident reports,” which may be part of an internal risk management program to improve patient care. See § 395.0197(4), Fla. Stat. (1997).
PETITION DENIED.
DAUKSCH and COBB, JJ., concur..

. See Fla. R.App. P.9.100.