751 So.2d 777 (2000)
NATIONAL SECURITY FIRE & CASUALTY COMPANY, etc., Petitioners,
v.
Jeffrey DUNN, Respondent.
No. 5D99-754.
District Court of Appeal of Florida, Fifth District.
March 10, 2000.
*778 Richard E. Ramsey and Michael R. D'Lugoof of Wicker, Smith, Tutan, O'Hara, McCoy & Ford, P.A., Orlando, for Petitioners.
Joseph R. Flood, Jr., and Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for Respondent.
THOMPSON, Judge.
In National Security Fire & Casualty Co. v. Dunn, 705 So.2d 605, 606-607 (Fla. 5th DCA 1997) ("Dunn V"), this court quashed the circuit court's order allowing Dunn to inspect National's files regarding 38 bad faith claims filed against National which were previously identified in interrogatories. This court held that the contents of the files were protected by the work product privilege, and that Dunn had failed to show either his need for the files or his inability to obtain equivalent information without undue hardship.
We are now faced with Dunn VI. National again seeks certiorari, this time to review three discovery orders, all of which National claims constitute departures from the essential requirements of law causing irreparable harm.
Certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. See Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla.1995). See also Compton v. West Volusia Hosp. Authority, 727 So.2d 379 (Fla. 5th DCA 1999). However, as the supreme court in Langston noted, not every erroneous discovery order creates certiorari jurisdiction. 655 So.2d at 94. Trial courts have broad discretion in discovery matters, and discovery orders will only be overturned where the court has abused that discretion. See Church of Scientology Flag Service v. Williams, 671 So.2d 840 (Fla. 5th DCA 1996); Humana of Florida, Inc. v. Evans, 519 So.2d 1022 (Fla. 5th DCA 1987).
As in Dunn V, whether Dunn should be allowed to examine National's claims files is at issue. The trial court, after receipt of an affidavit in which counsel for Dunn asserted that the claims files were of significant relevance to prove a general business practice of bad faith claims, agreed with Dunn and found that Dunn had shown his inability to obtain the substantial equivalent to the claims files elsewhere without undue hardship.
In his attorney's affidavit, Dunn made no allegations that he had taken any steps subsequent to Dunn V to find evidence to support a claim of bad faith based on business custom. Rather, the affidavit focuses on Dunn's need for the information and ignores the requirement that a showing be made that the substantial equivalent information cannot be obtained without undue hardship. The importance of the work product privilege must not be lightly invaded. See Intercontinental Properties, Inc. v. Samy, 685 So.2d 1035 (Fla. 3d DCA 1997). This court's opinion in Dunn V clearly held that no showing of need or inability to obtain the substantial equivalent without undue hardship had been made, although Dunn earlier made the same arguments, albeit not in affidavit form. Although Dunn has since filed an affidavit asserting need, he has taken none of the actions suggested by this court in *779 Dunn V.[1] Therefore, there has been no change in the status of the case which would require a different conclusion from that reached in Dunn V. Accordingly, the petition for writ of certiorari is granted and the lower court's order compelling discovery of the claims file quashed.[2]
The next issue in the petition relates to whether Dunn should be allowed to take the depositions of two of National's employees. National argues that the depositions should be stayed until there is an operative complaint pending, and cites Florida Rules of Civil Procedure 1.050 and 1.290(a)(1). This is an example of the problems which arise when the cart is put before the horse; in order to state a cause of action for bad faith based on business practices, Dunn wants to take discovery, but because there is no pending complaint, there is no way to establish the scope of the discovery to be allowed. Nonetheless, where a complaint has been dismissed with leave to amend, we think that the decision of whether to allow depositions prior to the filing of the amended complaint should be left to the sound discretion of the trial judge.[3]
Finally, we address the question of whether the trial court departed from the essential requirements of law in denying National's motion to compel Dunn to post a discovery bond. Section 624.155(4)(c), Florida Statutes, provides that any person who pursues a claim for punitive damages against an insurance company "shall post in advance the costs of discovery" and "such costs shall be awarded to the insurer if no punitive damages are awarded to the plaintiff."
National acknowledges that Dunn filed a cost bond of $1,500, but alleges that the bond was directed specifically to the discovery costs involved in answering the fifth set of interrogatories. Regardless, even if there was harm as a result of the trial court's order denying a further cost bond, that harm is financial only; financial harm is generally not sufficient harm to justify certiorari review. See generally Brown & Williamson Tobacco Corp. v. Carter, 680 So.2d 546 (Fla. 1st DCA 1996) (expense of unnecessary trial is not irreparable harm justifying certiorari relief); Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981) (possibility court committed reversible error which might require new trial, wasting time and money, is insufficient harm to justify certiorari relief).
The petition for writ of certiorari is GRANTED as to the production of claims files and DENIED in all other respects. In addition, the trial court is directed to set a time limit for the filing of an amended *780 complaint, beyond which the case should be dismissed with prejudice.
ANTOON, C.J., and HARRIS, J., concur.
NOTES
[1] Had Dunn filed an affidavit stating that he had made diligent attempts to locate the claimants listed on National's interrogatories, or had reviewed the files of the two bad faith lawsuits, or had reviewed the bad faith claims notices filed with the Department of Insurance, see § 624.155(2)(a), Fla. Stat., or if he had even alleged that he had expended a certain number of hours or dollars, all to no avail, then he would have established undue hardship. He makes no such allegations. Instead, he alleges only that the claimants identified live in 38 cities in 8 states and that the addresses provided for the claimants are 8 to 11 years old.
[2] Dunn has not shown that the claims files are necessary in order to file an amended complaint alleging a cause of action for punitive damages. Once that complaint is filed, some or all of the listed claims files would likely be discoverable, but first Dunn must state a cause of action, or make a showing that he cannot do so without the claims files.
[3] National is not without guidelines as to the scope of discovery. The issue of any complaint which may be filed will relate only to whether acts giving rise to a violation such as in Dunn's case occurred with such frequency as to establish a general business practice and whether the acts are willful, wanton and malicious or in reckless disregard for the rights of any insured.