822 So.2d 548 (2002)
RESIDENCE INN BY MARRIOTT, etc., et al., Petitioner,
v.
CECILE RESORT LTD., etc., et al., Respondent.
No. 5D01-1829.
District Court of Appeal of Florida, Fifth District.
July 26, 2002.
Daniel S. Pearson and Ilene L. Pabian, Miami; Stephen H. Grimes, Tallahassee; Steven L. Brannock, Warwick R. Furr, Tampa, and Eli H. Subin and Scott A. Justice, Orlando, of Holland & Knight LLP, for Petitioner.
Gretchen R.H., Vose of Vose Law Firm, LLC, Winter Park and Stephan W. Carter of Lewis Crichton & Carter, LLC, Winter Park, for Respondent.
ORFINGER, R. B., J.
Residence Inn By Marriott, Inc. and Marriott International, Inc. (collectively "Marriott") seek certiorari review of a pre-trial discovery order compelling Marriott to produce documents from the unrelated case of Pacific Landmark Hotel, Ltd. v. *549 Marriott Hotels, Inc., (Nos. 658922 and 674522, Superior Court, San Diego County, California) (the "California documents"). The California documents are subject to a stipulated judgment of dismissal and confidentiality order issued by the California court in 1996. Marriott argues that Cecile Resort Limited (Cecile), the plaintiff below, is not entitled to production of the California documents because the documents are subject to a confidentiality agreement and order, and are irrelevant to the issues raised by the pleadings in the instant litigation.
We agree with the trial judge that the confidentiality agreement and order entered in California with respect to the California documents are not impediments to discovery in the instant litigation. The settlement agreement entered into between the parties to the California litigation, and subsequently incorporated into the California confidentiality order, provides in pertinent part that:
The sealed documents shall remain under seal for sixty years or until the happening of one or more of the following events, whichever occurs first: ... such sealed documents are ordered to be unsealed by any court or government agency.
(Emphasis added). It is clear, therefore, that the parties to the California litigation and the California court contemplated that the California documents could be unsealed if so ordered by any court, including the Circuit Court of Osceola County, Florida.
Next, we turn to Marriott's contention that the California documents are irrelevant to any claim asserted against it by Cecile in the instant litigation. Our review of this issue is controlled by the principles set forth by our supreme court in Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla.1995), wherein the supreme court said:
Discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to admissible evidence. Brooks [v. Owens], 97 So.2d [693 (Fla. 1957)] at 699; see also Amente v. Newman, 653 So.2d 1030 (Fla.1995) (concept of relevancy is broader in discovery context than in trial context, and party may be permitted to discover relevant evidence that would be inadmissible at trial if it may lead to discovery of relevant evidence); Krypton [Broadcasting of Jacksonville, Inc. v. MGM-Pathe Communications Co.], 629 So.2d [852 (Fla. 1st DCA 1993)] at 854. ("It is axiomatic that information sought in discovery must relate to the issues involved in the litigation, as framed in all pleadings."); Fla. R. Civ. P. 1.280(b)(1) (discovery must be relevant to the subject matter of the pending action).
This Court has held that review by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal. Martin-Johnson, [Inc. v. Savage,] 509 So.2d [1097 (Fla.1987)] at 1099; see also Brooks; Kilgore [v. Bird, 149 Fla. 570, 6 So.2d 541 (1942)].
Discovery of certain kinds of information "may reasonably cause material injury of an irreparable nature." Martin-Johnson, 509 So.2d at 1100. This includes "cat out of the bag" material that could be used to injure another person or party outside the context of the litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed. Id.

*550 But not every erroneous discovery order creates certiorari jurisdiction because some orders are subject to adequate redress by plenary appeal from a final judgment. Id.

* * *
[W]e do not believe that discovery of irrelevant materials necessarily causes irreparable harm.
Thus, we find no conflict between [Allstate Insurance Co. v.] Langston's [, 627 So.2d 1178 (Fla. 4th DCA 1993)] holding that irrelevant discovery alone is not a basis for granting certiorari unless disclosure of materials may reasonably cause material injury of an irreparable nature and the holdings of Martin Johnson, Brooks, and Kilgore that a nonfinal order does not create certiorari jurisdiction unless it departs from essential requirements of law and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal.
* * *
Although we cannot say that irrelevant materials sought in a discovery request necessarily cause irreparable harm, we do not believe that a litigant is entitled carte blanche to irrelevant discovery.
Id. at 94-95 (footnotes omitted).
We embrace the supreme court's conclusion that litigants are not entitled to carte blanche discovery of irrelevant material. However, on the record before us, it is difficult to determine the relevancy, if any, of the California documents. Some of the claims asserted by Cecile in the Florida litigation appear to be similar to the claims asserted by Pacific Landmark in the California litigation, while others do not. The trial court did not, and we cannot, determine if the California documents are relevant to any issue in the instant lawsuit or may lead to admissible evidence, or possibly include "cat out of the bag" material that could be used to injure another person or party outside the context of the litigation or other confidential information that should not be disclosed.
Accordingly, we remand this matter for further proceedings to determine the relevancy of the materials sought by the discovery request. The California documents should be reviewed in camera and any documents found to be relevant and admissible or reasonably calculated to lead to admissible evidence, if not otherwise privileged, shall be produced.[1]
PETITION GRANTED.
REMANDED FOR FURTHER PROCEEDINGS.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] The trial court appointed a special master to review and segregate out privileged documents. The special master previously appointed by the court may perform the in camera review, subject, of course, to the trial court's ultimate authority.