928 So.2d 440 (2006)
Nancy A. TANCHEL, M.D., Petitioner,
v.
John Benjamin SHOEMAKER and Jeanne Shoemaker, etc., Respondent.
No. 5D06-237.
District Court of Appeal of Florida, Fifth District.
April 28, 2006.
*441 W. Cleveland Acree, II and Daniel A. Tressler, II, of The Unger Law Group, P.L., Orlando, for Petitioner.
Alan J. Landerman of The Nation Law Firm, Longwood, for Respondent.
ORFINGER, J.
Nancy A. Tanchel, M.D., seeks certiorari review of an order compelling the production of "all [redacted] patient records of Liberty Laser Eye Center [in Vienna, Virginia] from the date of inception of [Dr. Tanchel's] practice through August 19, 2003, in which PRK surgery was performed.. . ." We grant the petition and quash the order.
John B. Shoemaker filed a medical malpractice action against Dr. Tanchel, alleging that Dr. Tanchel was negligent when she performed PRK laser eye surgery on him in March 2000. In late 2002, Dr. Tanchel relocated her practice from Florida to the Liberty Laser Eye Center in Virginia. Mr. Shoemaker sought discovery of certain patient records regarding similar procedures performed by Dr. Tanchel in Virginia more than two years after Mr. Shoemaker's surgery. Dr. Tanchel objected to the production of those records on relevance grounds; however, the trial court overruled that objection and this proceeding follows.
Certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Certiorari can be a proper remedy for overbroad discovery orders. Wooten Honeywell & Kest, P.A. v. Posner, 556 So.2d 1245 (Fla. 5th DCA 1990). However, not every erroneous discovery order creates certiorari jurisdiction. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Trial courts have broad discretion in discovery matters and discovery orders will only be overturned where *442 the court has abused that discretion. Nat'l Sec. Fire & Cas. Co. v. Dunn, 751 So.2d 777 (Fla. 5th DCA 2000). This Court has, however, "embrace[d] the Supreme Court's conclusion that litigants are not entitled to carte blanche discovery of irrelevant material." Residence Inn by Marriott v. Cecile Resort, Ltd., 822 So.2d 548, 550 (Fla. 5th DCA 2002). Cf. Davich v. Norman Bros. Nissan, Inc., 739 So.2d 138 (Fla. 5th DCA 1999) (recognizing that relevancy in the discovery context is broader than in the trial context and that a party may be permitted to discover relevant evidence that would be inadmissible at trial so long as it may lead to the discovery of admissible evidence).
In support of the discovery order, Mr. Shoemaker relies on Amente v. Newman, 653 So.2d 1030 (Fla.1995), to support his assertion that the documents requested are relevant to notice, causation, and impeachment. In Amente, the doctor being sued for malpractice testified that he had followed the same delivery method for his morbidly obese obstetrical patients for some time without complication, and that he did not believe his delivery method caused the injury. Id. at 1032-33. The plaintiff suggested that if the doctor had not used the same method with similar patients or if others had suffered injury when the doctor had used the same method, then the information would be relevant to show causation, to show the doctor had noticed that the method was deficient, or for impeachment. The supreme court held that the trial court did not abuse its discretion in ordering discovery regarding the doctor's treatment of similarly obese obstetrical patients under the circumstances described in the plaintiff's complaint. Id. at 1033; see also Pusateri v. Fernandez, 707 So.2d 892, 893 (Fla. 2d DCA 1998).
That general rule notwithstanding, discovery should be denied when it has been established that the information requested is neither relevant to any pending claim or defense nor will it lead to the discovery of admissible evidence. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Mr. Shoemaker's claim against Dr. Tanchel relates to the care she provided to him in March 2000. Under Amente, Dr. Tanchel's conduct in similar circumstances prior to Mr. Shoemaker's surgery might be relevant and discoverable. However, what occurred subsequently is immaterial, as there has been no showing of its relevance or how it might possibly lead to relevant material. Caterpillar Indus., Inc. v. Keskes, 639 So.2d 1129, 1131 (Fla. 5th DCA 1994); Saunders v. Fla. Keys Elec. Co-op, Ass'n, 471 So.2d 88 (Fla. 3d DCA 1985) (holding that prior accidents are discoverable to establish that defendant was on notice).
Accordingly, we grant the petition for certiorari and quash the order under review.
TORPY, J., concurs.
GRIFFIN, J., concurs in result only.