948 So.2d 830 (2007)
LIFE CARE CENTERS OF AMERICA, etc., et al., Petitioner,
v.
Ellen Marlene REESE, Respondent.
No. 5D06-2358.
District Court of Appeal of Florida, Fifth District.
January 19, 2007.
*831 Rebecca B. Watford of The Watford Law Firm, Miami, and Fann & Petruccelli, P.A., Tampa, for Petitioner.
Douglas R. Beam of Douglas R. Beam, P.A., Melbourne, for Respondent.
LAWSON, J.
Life Care Centers of America, Inc., of Tennessee, d/b/a Life Care Center of America, Inc., d/b/a Life Care Center of Melbourne, Melwood Nursing Center, L.L.C., d/b/a Life Care Center of Melbourne, and Nancy Goldrick, ("Petitioners"), seek certiorari review of a discovery order in which the trial court compelled them to produce documents and to prepare and produce a privilege log with respect to all documents requested in 195 overly-broad production requests, without first ruling on Petitioners' general objections as to the scope of the discovery sought. We find that the challenged order constitutes a departure from the essential requirements of the law causing irreparable injury to Petitioners, and grant the writ.
In the action below, Ellen Marlene Reese, ("Respondent"), seeks damages for injuries she allegedly sustained from a fall while in Petitioners' care (for ten days) in 2002.[1] Respondent brought suit on November 10, 2005, and immediately served each defendant with a comprehensive set of requests to produce documents, consisting of 65 separate requests to each defendant. A cursory review of the requests reveals that they all are expansive in nature and seek documentation unlimited by any time frame. Respondent requests, for example, all "incident, occurrence, and/or accident reports" from all facilities operated by Life Care Center of America, Inc., nationwide; all "payroll analysis reports, key management indicators, staff productivity reports, labor distribution reports and/or similar reports" for Life Care Center of Melbourne; "all documents generated related to the corporate supervision or oversight of Life Care Center of Melbourne *832 budget expenditures for labor and supplies;"[2] all "employee work schedules, employee sign-in sheets (including Medicare), and time cards and/or time sheets showing the identity, number (quantity), and classification (e.g., RN, LPN, nurse aide, and so on) of any nursing personnel (including nurses, nurses aides, medication aides, orderlies, and so on) for Life Care Center of Melbourne;" and all "records of complaints from staff at Life Care Center of Melbourne." These are just a few of the expansive requests that are in no way limited by subject matter, scope, or time. In addition, Respondent seeks the production of all-encompassing and confidential financial information that has no apparent relevance to the negligence cause of action alleged, as well as individual employee personnel files and other documents that would contain personal and medical information relating to other patients.
Petitioners timely served responses to all requests.[3] As part of their responses, they produced certain documents (including those relating to the care of Respondent) and asserted what appeared to be appropriate objections based upon the overbreadth of certain requests that are not limited by either time or scope. In addition, they raised various confidentiality objections, including attorney-client privilege, work product, and objections relating to third party privacy rights. Without ever considering Petitioners' facially appropriate overbreadth objections,[4] the trial court entered an order denying Petitioners' motion for protective order, requiring Petitioners to produce privilege logs within twenty days, and stating that the court would reserve as to "other remedies" until after Petitioners provided their privilege logs for the court's review. Although this language suggests that the court intended to defer ruling on the overbreadth objections until after Petitioners prepared and served their privilege logs, the order also expressly granted Respondent's motion to compel production of all documents within twenty days and denied Petitioners' motion for extension of time to provide the responsive documents. Petitioners challenged the order with its petition for certiorari, but also partially complied by providing additional documents and serving a partial privilege log relating to documents from 2002 only (the year of Respondent's ten-day stay at the Melbourne facility). This log is 226 pages long.
As we recently reiterated, "`litigants are not entitled to carte blanche discovery of irrelevant material.'" Tanchel v. Shoemaker, 928 So.2d 440, 442 (Fla. 5th DCA 2006) (quoting Residence Inn by Marriott v. Cecile Resort, Ltd., 822 So.2d 548, 550 (Fla. 5th DCA 2002)). Although certiorari is not available to remedy every erroneous discovery order, it is an appropriate remedy for discovery orders that depart from the essential requirements of the law by requiring patently overbroad discovery so extensive that compliance with the order will cause material injury to the affected party throughout the remainder of the proceeding, effectively leaving no adequate remedy on appeal. Devereux Florida Treatment Network, Inc. v. McIntosh, 940 So.2d 1202, 1205-1206 (Fla. 5th *833 DCA 2006); Tanchel, 928 So.2d at 442; Wooten, Honeywell & Kest, P.A. v. Posner, 556 So.2d 1245, 1246 (Fla. 5th DCA 1990). This is clearly the case here.
Additionally, to the extent that the trial court intended to defer ruling on the overbreadth objections until after production of the privilege logs, this was also erroneous. As recently explained in Gosman v. Luzinski, 937 So.2d 293, 296 (Fla. 4th DCA 2006):
A party is required to file a log only if the information is "otherwise discoverable." Where a party claims that the production of documents is burdensome and harassing, such as was done here, the scope of discovery is at issue. Until the court rules on the request, the party responding to the discovery does not know what will fall into the category of discoverable documents. If the party is correct in her assertion that the documents requested are burdensome to produce, why should she still go through all the requested documents to determine which ones are privileged, even though none of them may be required to be produced because the request is burdensome? (footnote omitted).
The trial court was required to address the discoverability of the requested documents before ordering Petitioners to review them all for privileged material. Id. It is obvious from our review of the privilege log prepared for documents from 2002 only that requiring Petitioners to duplicate this effort for each year that records exist would be so burdensome that the order to do so constituted a departure from the essential requirements of the law causing irreparable injury.
In so ruling, we note that we are not unsympathetic to the challenge that trial courts face when confronted with what appear to be unlimited discovery disputes, each requiring an inordinate amount of judicial time and effort to resolve. For this reason, we remind Respondent's counsel of his ethical obligation to refrain from making frivolous discovery requests. See Rule 4-3.4(d), Rules of Professional Conduct. Some of the requests propounded in this case are so patently overbroad that they are clearly frivolous. We similarly remind Petitioners' counsel of her professional obligation, set forth in the same rule of professional conduct, to comply with all legally proper discovery requests. Id. The parties should fulfill their respective ethical obligations by meeting and working together to reasonably narrow the disputed issues before bringing future discovery matters to the trial court for resolution. This should be the practice of all counsel, in all cases.
For the reasons discussed above, the petition for writ of certiorari is granted, and the challenged order is quashed.
PETITION GRANTED; ORDER QUASHED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] The corporate defendants operate a skilled nursing facility in Brevard County, Florida. The individual defendant is an employee of one of the corporations. Respondent resided at the facility from November 31, 2002, until December 9, 2002. She alleges that she had a history of falling, known to Petitioners, and was negligently left unattended in the bathroom. She further alleges that she sustained a head injury as a result of the fall. The extent of the injuries is unclear from the complaint. Respondent simply alleges that her damages exceed $15,000.
[2] Petitioners also objected to this request as being vague and ambiguous, which appears to be an appropriate objection, as well.
[3] Although the responses were not served within the initial forty-five day deadline set forth in Florida Rule of Civil Procedure 1.350(b), Petitioners timely sought and received an extension of time to respond and responded within the extension period.
[4] Although a hearing was held on the pending motions, the court did not entertain argument on, nor individually consider, any of the discovery requests or objections at the hearing.