974 So.2d 1200 (2008)
STIHL SOUTHEAST, INC., Petitioner,
v.
GREEN THUMB LAWN & GARDEN CENTER NEWCO, INC., Respondent.
No. 5D07-2051.
District Court of Appeal of Florida, Fifth District.
February 22, 2008.
Marc C. Chapman and Wendy S. Temple of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., for Petitioner.
Kevin A. Fernander of Tripp Scott, P.A., Fort Lauderdale, for Respondent.
PER CURIAM.
The defendant below, Stihl Southeast, Inc., seeks certiorari review of a discovery order on the grounds that the compelled discovery is overbroad, burdensome and contrary to the essential requirements of law. Although certiorari is not available to remedy every erroneous discovery order, it is an appropriate remedy for discovery orders that compel compliance with patently overbroad discovery requests. See Life Care Centers of America v. Reese, 948 So.2d 830, 832 (Fla. 5th DCA 2007); Tanchel v. Shoemaker, 928 So.2d 440, 442 (Fla. 5th DCA 2006).
In the present case, the trial court held a hearing on Stihl's objections to Green Thumb's request for production of documents. For purposes of this opinion, it is unnecessary to discuss the nature of the underlying litigation or the specific discovery requests in dispute. It is sufficient to observe that at the conclusion of the hearing, the trial court stated:
I'm going to overrule the objections in part, and sustain the objections in part. The events complained of occurred prior to August 2004, so the period of time from 2000 to August 2004 is a reasonable period of time. They don't have to . . . respond with respect to correspondence or documents after that time.
Furthermore, the area in Florida would be relevant. But nationwide, I don't believe, would be relevant. So I will limit your production in those two ways.

(Emphasis added.)
If the ensuing written order conformed with the trial court's oral pronouncements, we would find that Stihl had failed to show that the trial court had departed from the essential requirements of law. Unfortunately, the written order (apparently prepared by Green Thumb's counsel) did not set forth the geographical and time limitations verbally imposed by the trial judge. As a result, the compelled discovery was patently overbroad and was contrary to the essential requirements of law. Accordingly, we grant the petition. On remand, the trial court is directed to enter a *1202 written order which conforms to its oral pronouncement.
Petition GRANTED; Order QUASHED.
PALMER, C.J., ORFINGER and EVANDER, JJ., concur.