PER CURIAM.
Nationwide Insurance Company of Florida seeks certiorari review of a trial court discovery order requiring it to produce all home inspection reports that HSA Engineers and Scientists generated on its behalf during a three-year period. Determining that the discovery request is overbroad and unduly burdensome, we grant the petition for certiorari and quash the trial court’s order.
After Albertha Nelson suffered losses and damages to her home from allegedly improperly applied stucco, she submitted a claim for coverage to her homeowner’s insurer, Nationwide. As part of its evaluation of Nelson’s claim, Nationwide retained HSA to inspect her home. Nationwide subsequently denied Nelson’s claim for coverage on the ground that the losses and damages were not covered by Nelson’s insurance contract.
Nelson then filed a lawsuit against Nationwide for breach of the parties’ insurance contract. During discovery, Nelson requested certain documents from Nationwide in order to determine the extent of HSA’s relationship with Nationwide in an effort to show that HSA was biased towards Nationwide. Specifically, Nelson sought production of all home inspection reports HSA generated for Nationwide throughout the country for the five-year period preceding the inspection of her home. Nationwide objected arguing, among other things, that the request was overbroad and unduly burdensome. The trial court ordered discovery of all such reports, but limited the timeframe to the three-year time period preceding the inspection of Nelson’s home, and allowed Nationwide to redact any information from the reports which identified proprietary information or work product.
Nationwide filed a motion for rehearing in which it argued that complying with the trial court’s order would cost Nationwide in excess of $82,000.00, and require over 400 man hours to accomplish. In addition, Nationwide’s counsel would be required to spend a minimum of 30 minutes per report reviewing and redacting information, as well as additional time discussing the content of each report with Nationwide and preparing a privilege log. Nationwide estimated that the privilege log would take approximately twelve minutes per report at an hourly attorney rate of $150.00. Affidavits were attached to the motion supporting these claims. The motion for rehearing was denied.
In Allstate Insurance. Co. v. Boecher, 733 So.2d 993 (Fla.1999), our supreme court explained that “certiorari is the appropriate remedy when a discovery order ‘departs from the essential requirements of law and thus causes a material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal.’ ” Id. at 999 (citing Allstate Ins. Co. v. Langston, 655 So.2d 91, 94-95 (Fla.1995)). See also Stihl Se. Inc. v. Green Thumb Lawn & Garden Center Newco, Inc., 974 So.2d 1200 (Fla. 5th DCA 2008). In this case, the trial court’s discovery order meets the criteria for certiorari relief. Accordingly, we grant Nationwide’s petition and quash the trial court’s order. See Allstate Ins. Co. v. Binder, 746 So.2d 1255 (Fla. 5th DCA 1999) (holding that plaintiffs were not allowed to obtain documents showing identity of all cases in last three years in which defendant’s doctors were retained to perform exams).
PETITION GRANTED; ORDER QUASHED.
GRIFFIN, PALMER and MONACO, JJ., concur.